OPINION OF THE COURT
Anthony F. Bonadio, J.
On October 14, 1993, Todd W. filed a paternity petition seeking an order declaring him to be the father of Kassandra Anne B., born out of wedlock to the respondent on July 25, 1993.
On December 2, 1993, blood-grouping tests were ordered (see, Family Ct Act § 532). On January 21, 1994, before blood tests could be performed, Todd W. died. On February 15, 1994, his parents were granted limited letters of administration "[t]o determine [the] paternity of Kassandra Anne”.
Mr. and Mrs. W., having been advised that HLA testing could not be performed after Todd’s death, have moved for an order compelling mother and child to submit to DNA testing. The Law Guardian has joined in that request. The respondent opposes the motion, and has cross-moved for an order dismissing the petition. I decide as follows:
(1) respondent’s motion to dismiss
The motion to dismiss is denied. Family Court Act § 519 (a) provides that a pending paternity proceeding does not "necessarily abate” on the death of the putative father where, as here, "the putative father was the petitioner in the paternity proceeding.” No compelling reason for dismissal at this stage of the proceeding has been advanced by the respondent (see, Matter of S.L.B. v K.A., 153 Misc 2d 47).
(2) petitioners’ motion for dna testing
DNA testing and the admissibility of DNA evidence at trial —in paternity and other proceedings — has been the subject of considerable recent judicial (People v Wesley, 83 NY2d 417 [1994]; Matter of Department of Social Servs. [Ruth M.H.] v Joseph N., 159 Misc 2d 833 [Fam Ct, Monroe County 1993], and cases cited therein at 835-836; cf., Russell, "A Pathfinder on the Admissibility of Forensic DNA Evidence in Criminal Cases”, 13 [No. 3] Legal Ref Servs Q, 19-74 [1994]); legislative (see, L 1994, chs 170, 737); professional and academic (see, Sloane, DNA Evidence and Its Underlying Research, NYLJ, Aug. 23, 1994, at 5, col 1; Russell, op. cit., at 22-24, 57-68); and *413 —as a result of the murder indictment of O.J. Simpson— media, attention.
While this application was sub judice, the Legislature amended CPLR 4518 and Family Court Act §§ 418 and 532 (a) and (b) with regard to DNA testing in support and paternity proceedings (L 1994, ch 170, §§ 350, 352, 354). Since these amendments became effective on June 15, 1994, they apply to petitioners’ motion (McKinney’s Cons Laws of NY, Book 1, Statutes § 55, at 116-121; Matter of Hrouda v Winne, 112 AD2d 304; Barber v Davis, 120 AD2d 364).
Prior to this new legislation, DNA evidence was not admissible to establish paternity unless that evidence was submitted "in combination with” HLA evidence (Family Ct Act § 532 [a]; see, Matter of Department of Social Servs. [Debra L.] v William J., 191 AD2d 558; but cf., Matter of Sandler, 160 Misc 2d 955). Otherwise, DNA evidence was admissible only if it excluded the alleged father. Only HLA evidence was admissible in evidence by itself to affirmatively establish paternity (Family Ct Act former § 532 [a]; 12 Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac fl 20.03 [1], at 20-38 — 20-48;[1] Matter of Department of Social Servs. [Sandra C.] v Thomas J.S., 100 AD2d 119, 121; People v Wesley, 83 NY2d 417, 441 [Kaye, Ch. J., concurring], supra;[2] but cf., Matter of Beaudoin [Patricia B.] v Robert A., 199 AD2d 842; Matter of S.L.B. v K.A., supra; King v Tanner, 144 Misc 2d 1073).
The recent amendments authorize the admission of DNA evidence to establish paternity. Family Court Act § 532 (a) now provides that "[t]he court * * * on the * * * motion of any party, shall order * * * DNA tests * * * The results of any * * * DNA test * * * shall be received [in evidence], pursuant to [CPLR 4518 (e)] where no timely objection in *414 writing has been made * * * Any order pursuant to this section shall state in plain language that the results of such test shall be admitted into evidence, pursuant to [CPLR 4518 (e)] absent timely objections thereto * * * If the results of any such * * * DNA test or tests indicate at least a [95%] probability of paternity, the admission of such record or report shall create a rebuttable presumption of paternity.”
Accordingly, petitioners’ application is granted, and mother and child are directed to submit to DNA testing, the procedures to be worked out and agreed to by counsel, including the Law Guardian. The right to object to the admission of any "record or report relating to the * * * DNA test” is reserved to the parties and the Law Guardian (CPLR 4518 [e]; Family Ct Act § 532 [a]; cf., Wiseman v American Motors Sales Corp., 103 AD2d 230, 237 ["ultimate decision of admissibility” made at trial]).

. In analyzing Family Court Act former § 532 (a), the authors state:
"Blood tests * * * fall into two major categories * * * All blood tests are now called 'blood genetic marker’ tests * * * [T]ests that are done on the red blood cells * * * are often referred to as * * * 'blood grouping tests.’ "The second type of blood genetic marker test is done on the white blood cells. It is called * * * a[n] * * * HLA test * * * It is important to differentiate between the two types of blood tests. The results of any * * * test may be received into evidence where an alleged father is definitely excluded * * * However, HLA tests * * * may be received into evidence to aid the court in determining whether the alleged father is or is not the father of the child” (at 20-38 [emphasis in original]).

. "As defendant pointed out to the hearing court, the evidence proffered against him to prove murder would not have been admissible in this State on the question of paternity.”