■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of KIMBERLY R. G., Respondent, v JOHN JAMES H., Appellant. [672 NYS2d 372] —In a proceeding pursuant to Family Court Act article 5 to establish paternity and for an award of child support, the appeal is from an order of the Family Court, Dutchess County (Brands, J.), entered May 23, 1996, which, after a hearing, determined that the appellant is the father of the child and directed him to pay temporary support.

Ordered that on the Court's own motion the notice of appeal from the order is deemed to be an application for leave to appeal and leave to appeal is granted; and it is further,

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, the HLA and DNA test reports were properly admitted in evidence without foundation testimony (*see,* Family Ct Act § 532; CPLR 4518 [e] [as amended by L 1994, ch 170]). The objections relating to the certification of the out-of-town laboratory that performed the DNA test and prepared the report are belied by the laboratory's

certificate, which satisfied the requirements set forth in CPLR 4518 (d) (*see, Matter of Stone v Ilardo,* 191 AD2d 965). The fact that the laboratory is located outside this State does not render its report inadmissible, as the laboratory had been duly approved by the New York State Commissioner of Health (*see,* Family Ct Act § 532 [a] [as amended by L 1994, ch 170]; *Matter of Menaldino v Mark UU.,* 141 AD2d 265).

Given the HLA and DNA test reports indicating a 96.59% and a 99.96% probability, respectively, of paternity, together with the appellant's opportunities within the probable time frame of conception to have had sexual intercourse with the petitioner, the Family Court properly concluded that the appellant's paternity was established by clear and convincing evidence (*see, Matter of Commissioner of Social Servs. [Patricia A.] v Phillip De G.,* 59 NY2d 137, 141; *Matter of Department of Social Servs. [Debra L.] v William J.,* 191 AD2d 558).

The appellant's remaining contentions are without merit. Joy, J. P., Krausman, Florio and McGinity, JJ., concur.