In the Matter of Cassandra E. Cosgriff, Respondent, v Joseph T. Vivinetto, Appellant. [704 NYS2d 141] —In a proceeding pursuant to Family Court Act article 5 to establish paternity, the putative father appeals, by permission, from an order of the Family Court, Suffolk County (Dounias, J.), entered August 10, 1998, which, after a hearing, determined that he is the father of the petitioner's twin sons.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, medical testimony was not required to explain the petitioner's gestation period of only 234 days. It was established that the appellant was the only man with whom the petitioner had sexual intercourse during the time period when conception occurred. Furthermore, genetic marker tests (including red cell antigens, enzymes, and serum proteins, leukocyte antigens, and deoxyribonucleic acid) were administered and admitted into evidence. These tests

established a composite probability of 99.92% and 99.97%, respectively, that the respondent is the biological father of the children. These results established a rebuttable presumption that he is the biological father of the petitioner's twin sons (*see,* Family Ct Act § 532 [a]; *see also, Matter of Commissioner of Social Servs. of City of N. Y. [Celia D.] v Hector S.,* 216 AD2d 81; *Matter of Gregory F. W. v Lori Anne B.,* 162 Misc 2d 411). The appellant's conclusory denial that he had any access to the petitioner during the critical time period of conception because he was working full time failed to rebut the strong and persuasive evidence that he is the father of the petitioner's twin sons (*see, Matter of Department of Social Servs. [Debra L.] v Williams J.,* 191 AD2d 558; *Matter of Baby Girl S.,* 140 Misc 2d 299).

The record supports the determination that the petitioner sustained her burden of proving the appellant's paternity by clear and convincing evidence (*see, Matter of Jane PP. v Paul QQ.,* 65 NY2d 994, 996; *Matter of Department of Social Servs. [Kimberly R. G.] v John James H.,* 249 AD2d 545; *Matter of Department of Social Servs. [Debra L.] v Williams J., supra*; *cf., Matter of Pandozy v Perry X.,* 141 AD2d 894; *see also, Matter of Cattaraugus County Dept. of Social Servs. [Katrina M.] v Douglas K.,* 227 AD2d 977).

The appellant's remaining contentions are without merit. Bracken, J. P., Ritter, Altman and McGinity, JJ., concur.