■ In the Matter of PETER Z., Appellant, v NILDA C., Respondent. [847 NYS2d 607]—

In a paternity proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Kings County (O'Shea, J.), dated February 21, 2007, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The child who is the subject of this paternity proceeding was born in December 1998, at which time nonparty David C. acknowledged paternity. Subsequently, the parental rights of David C. and of the child's biological mother were terminated. In 2003, David C.'s mother, the respondent herein, adopted the child, who had previously been living with her as her foster child. In 2004 the child's biological mother died. Although David C.'s parental rights to the child were terminated, he has continuously maintained a father/daughter relationship with her, and she calls him "daddy."

The petitioner, Peter Z., apparently had a sexual relationship with the child's biological mother during the period of time in which the child was conceived. It is undisputed that he was aware of the pregnancy of the biological mother, of the birth of the child, of the proceedings to terminate parental rights, and of the respondent's adoption of the child. However, he claims not to have suspected that he might be the father of the child until seeing photographs of her after the death of the biological mother in 2004.

Without revealing his suspicions to the respondent, the petitioner was permitted to spend time with the child, supervised by the respondent. In 2005 he filed a petition seeking to be declared the father of the child. Based on submissions of the petitioner, the respondent, and the Law Guardian for the child, the Family Court denied the petition and dismissed the proceeding, without a hearing, finding that the petitioner lacked standing to seek an order of filiation, and was also equitably estopped from doing so. We affirm.

Any rights that the petitioner had, as a putative biological parent of the child, were extinguished upon the respondent's

adoption of the child pursuant to Domestic Relations Law § 117 (1) (a), which states that "[a]fter the making of an order of adoption the birth parents of the adoptive child shall be relieved of all parental duties toward and of all responsibilities for and shall have no rights over such adoptive child."

While we recognize that Domestic Relations Law § 117 is not applied literally where to do so would not serve the best interest of the child, literal application is appropriate in this case, "where there is a need to prevent unwanted intrusion by the child's former biological relatives to promote the stability of the new adoptive family" (*Matter of Jacob*, 86 NY2d 651, 665 [1995]).

In any event, we also agree with the Family Court that the undisputed facts support a finding that the proceeding is subject to dismissal on the ground of equitable estoppel. Goldstein, J.P., Skelos, Dillon and McCarthy, JJ., concur.