■ In the Matter of ELIDO B., Appellant, v JENNIE C., Respondent. [— NYS2d —]—

Mercure, J.P. Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered January 2, 2008, which, in a proceeding pursuant to Family Ct Act article 5, granted the Law Guardian's motion to dismiss the petition.

In August 2006, petitioner, who was incarcerated, commenced this proceeding seeking a declaration that he is the father of respondent's child (born in 2004) and to compel respondent and

the child to submit to a genetic marker test. Upon a motion by the child's Law Guardian, Family Court dismissed the petition, concluding that the doctrine of equitable estoppel precludes genetic testing of the child. Petitioner appeals and we now affirm.

We "have long recognized the availability of the doctrine of equitable estoppel as a defense in a paternity proceeding" (*Matter of Kristen D. v Stephen D.*, 280 AD2d 717, 719 [2001]; *see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]; *Matter of Peter BB. v Robin CC.*, 256 AD2d 889, 889-890 [1998]). Indeed, Family Ct Act § 532 (a) provides in particular that a genetic marker test shall not be ordered if the court finds that it is not in the best interests of the child based upon, among other things, equitable estoppel. Here, the child was adopted shortly after his birth in 2004. Although respondent allegedly informed petitioner of her pregnancy in December 2003, there is no indication in the record that petitioner took any steps to assert his rights as a putative father, participate in or contribute to respondent's prenatal care, or otherwise maintain contact with respondent during her pregnancy.

Moreover, while petitioner asserts that he immediately sought to establish paternity upon learning that the then two-year-old child might be his, he indicates that he has not decided whether he will seek to assume a parental role in the child's life; he simply wishes to learn whether he is the child's biological father. As stated by the Court of Appeals, "[t]o conclude that petitioner acted promptly once he became aware of the child is to fundamentally misconstrue whose timetable is relevant. Promptness is measured in terms of the baby's life not by the onset of the father's awareness" (*Matter of Robert O. v Russell K.*, 80 NY2d 254, 264 [1992]). Under the circumstances here and given the need to " 'prevent unwanted intrusion by the child's former biological relatives to promote the stability of the new adoptive family,' " Family Court properly dismissed the petition (*Matter of Peter Z. v Nilda C.*, 46 AD3d 696, 697 [2007] [citation omitted]; *see Matter of Vernon J. v Sandra M.*, 36 AD3d 912, 913 [2007]; *Matter of John Robert P. v Vito C.*, 23 AD3d 659, 661-662 [2005]; *Matter of Peter BB. v Robin CC.*, 256 AD2d at 890; *see also Matter of Female Infant B.*, 51 AD3d 419, 422-423 [2008]; *cf. Matter of Gutierrez v Gutierrez-Delgado*, 33 AD3d 1133, 1134-1135 [2006]).

Peters, Spain, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.