■ In the Matter of STEPHEN W., Respondent, v CHRISTINA X., Appellant. [916 NYS2d 260]—

Peters, J.P. Appeal from an order of the Family Court of St. Lawrence County (Ellis, S.M.), entered May 29, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 5, to adjudicate him as the father of a child born to respondent.

Between June and August 2004, petitioner and respondent were engaged in a sexual relationship. Respondent became pregnant and, on March 19, 2005, gave birth to a son. Petitioner, pro se, brought this paternity proceeding in January 2008. When he failed to appear at the initial court appearance, the petition was dismissed without prejudice. Petitioner thereafter filed objections explaining the reason for his failure to appear and, treating this as a motion to reopen, Family Court (Potter, J.) granted the application, reopened the matter and directed petitioner to serve the petition upon respondent. Respondent answered and moved to dismiss the petition based on, among other things, equitable estoppel. Following a hearing, Family Court found that petitioner was not equitably estopped from claiming paternity and ordered genetic marker testing of petitioner, respondent and the child. The results of the genetic testing revealed a 99.99% probability that petitioner is the child's father. Family Court (Ellis, S.M.) thereafter admitted the test results into evidence and entered an order of filiation declaring petitioner to be the child's father. Respondent and the attorney for the child now appeal.

Initially, we reject petitioner's argument that the issues raised

on this appeal are not properly before us due to respondent's failure to file written objections from the order of filiation. As support was not sought in this paternity proceeding and the subject filiation order makes no provision for the same, it is appealable as of right (*see* Family Ct Act § 1112; *Matter of Jane PP. v Paul QQ.*, 64 NY2d 15, 17 [1984]).

We are similarly unpersuaded by respondent's contention that Family Court (Potter, J.) erred in reopening the proceeding. Although petitioner failed to submit proof that he served his objections to the Support Magistrate's order on respondent pursuant to Family Ct Act § 439 (e), we note that Family Court, while acknowledging this defect, addressed the merits of the objections. Under these circumstances, we do not find that Family Court abused its discretion in undertaking such a review (*see Rossiter v Rossiter*, 56 AD3d 1011, 1011 n 1 [2008]; *see also Matter of Ogborn v Hilts*, 262 AD2d 857, 858 [1999]). Furthermore, given the liberal and broad interpretation afforded to papers submitted by pro se litigants (*see Planck v SUNY Bd. of Trustees*, 18 AD3d 988, 990 [2005], *lv dismissed and denied* 5 NY3d 844 [2005]; *Di Nezza v Credit Data of Hudson Val.*, 166 AD2d 768, 768 [1990], *lv dismissed* 77 NY2d 935 [1991]), and considering the reasonable excuse proffered by petitioner for his failure to appear, we cannot say that Family Court acted improperly in treating petitioner's application as a motion to reopen and in reopening the proceedings (*compare Matter of Garland v Garland*, 28 AD3d 481, 481 [2006]).

Addressing the merits, the purpose of equitable estoppel "is to prevent someone from enforcing rights that would work injustice on the person against whom enforcement is sought and who, while justifiably relying on the opposing party's actions, has been misled into a detrimental change of position" (*Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]). "Notably, in proceedings involving paternity, it is the *child's* justifiable reliance on a representation of paternity that is considered" (*Matter of Savel v Shields*, 58 AD3d 1083, 1084 [2009]; *see Matter of Dustin G. v Melissa I.*, 69 AD3d 1019, 1020 [2010], *lv denied* 14 NY3d 708 [2010]). Guided by these principles, we agree with Family Court that respondent failed to make a showing of facts sufficient to support equitable estoppel in this context.

Here, although petitioner did not seek to establish his paternity until more than 2½ years after the child's birth, the record reveals that he assumed the role of a parent during the vast majority of that time (*compare Matter of Dustin G. v Melissa I.*, 69 AD3d at 1020; *Matter of Richard W. v Roberta Y.*,

240 AD2d 812, 814 [1997], *lv denied* 90 NY2d 809 [1997]; *cf. Matter of Glenda G. v Mariano M.*, 62 AD3d 536, 536 [2009], *lv denied* 13 NY3d 708 [2009]). Upon learning of respondent's pregnancy and being informed that he was the father, petitioner promptly relocated from Florida to St. Lawrence County and moved in with respondent. Petitioner was present with respondent at the hospital before, during, and in the days following the child's birth (*compare Matter of Elido B. v Jennie C.*, 55 AD3d 1008, 1009 [2008]). While conflicting evidence was presented as to why petitioner did not sign an acknowledgment of paternity and whether he disclaimed paternity to respondent and friends, it is uncontested that petitioner participated in the child's care and upbringing following the child's birth. To that end, the parties agreed that petitioner would stay home and care for the child while respondent worked and, while respondent disputed the extent of petitioner's involvement, she acknowledged that he provided at least 25% of the child's care during that time. Petitioner's lack of contact with the child from December 2006 to February 2007 was the direct result of respondent's conduct in relocating with the child without providing petitioner any information as to their whereabouts.[1] When petitioner next heard from respondent in February 2007, the parties resumed their relationship and the credible evidence established that the parties held themselves out as a family, with petitioner acting as the child's father, from that time until his incarceration in May 2007.[2]

Furthermore, contrary to the contention of respondent and the attorney for the child, the child's four-month relationship with respondent's fiancé is not sufficient to warrant application of estoppel. Although equitable estoppel may "preclude a man who claims to be a child's biological father from asserting his paternity when he acquiesced in the establishment of a strong parent-child bond between the child and another man" (*Matter of Shondel J. v Mark D.*, 7 NY3d at 327; *accord Matter of Mark T. v Joyanna U.*, 70 AD3d 1068, 1069 [2010], *lv denied* 15 NY3d 715 [2010]; *see Matter of Dustin G. v Melissa I.*, 69 AD3d at 1020), petitioner was the only father-figure to the child during the first two years of his life and he commenced this proceeding to establish paternity within seven months of his May 2007 incarceration. Moreover, testimony was presented at the hear-

---

1. Notably, petitioner made efforts to contact respondent during that time and, when he succeeded in doing so, respondent immediately changed her telephone number so as to continue to avoid him.

2. Petitioner was imprisoned based upon acts of violence committed against respondent.

ing that the child had been informed shortly after respondent and her fiancé moved in together in September 2007 that the fiancé was not his father (*compare Matter of Dustin G. v Melissa I.*, 69 AD3d at 1020; *Matter of Richard W. v Roberta Y.*, 240 AD2d at 814-815; *Matter of Ettore I. v Angela D.*, 127 AD2d 6, 15-16 [1987]). Under these circumstances, the record supports the conclusion that the "already recognized and operative parent-child relationship" (*Matter of Shondel J. v Mark D.*, 7 NY3d at 327 [internal quotation marks and citation omitted]) was the relationship with petitioner (*see Marilyn C.Y. v Mark N.Y.*, 64 AD3d 645, 646-647 [2009]). Thus, the record provides ample support for Family Court's conclusion that petitioner is not equitably estopped from claiming paternity.

Finally, inasmuch as the genetic marker test results were certified in accordance with CPLR 4518 (d) and respondent failed to file written objections to those results, they were properly admitted into evidence without the need for foundation testimony or further proof of authenticity or accuracy (*see* CPLR 4518 [e]; *see also Matter of Department of Social Servs. v John James H.*, 249 AD2d 545, 545-546 [1998]).

Respondent's remaining contentions, to the extent not specifically addressed herein, have been reviewed and found to be without merit.

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.