Matter of William N. v Maria D. (2021 NY Slip Op 03184)





Matter of William N. v Maria D.


2021 NY Slip Op 03184


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2020-02181 
2020-02182
 (Docket No. P-5050-19)

[*1]In the Matter of William N. (Anonymous), appellant,
v
Maria D. (Anonymous), respondent-respondent, et al., respondent.


Austin I. Idehen, Jamaica, NY, for appellant.
Adam B. Sklar, New York, NY, for respondent-respondent.
Deana Balahtsis, New York, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the petitioner appeals from two orders of the Family Court, Richmond County (Gregory L. Gliedman, J.), both dated February 11, 2020. The first order granted the motion of the respondent Maria D. to dismiss the petition to establish paternity. The second order dismissed the petition.
ORDERED that the orders are affirmed, without costs or disbursements.
The child who is the subject of this paternity proceeding was born in 2016. In early 2018, the petitioner commenced two proceedings to establish his paternity of the child, both of which were dismissed for his failure to appear. In July 2018, the parental rights of the child's birth mother were terminated, and it was determined that there was no individual who might be the father of the child whose consent was required for adoption pursuant to Domestic Relations Law § 111 or who was entitled to notice of an adoption proceeding pursuant to Domestic Relations Law § 111-a. In November 2018, the child's maternal grandparents, the respondent Maria D. and nonparty Anthony D., adopted the child.
The petitioner thereafter filed another petition to establish paternity, and Maria D. moved to dismiss the petition. The Family Court granted the motion and dismissed the petition. The petitioner appeals.
The Family Court properly dismissed the petition. "Any rights that the petitioner had, as a putative biological parent of the child, were extinguished upon the . . . adoption of the child pursuant to Domestic Relations Law § 117(1)(a), which states that '[a]fter the making of an order of adoption the birth parents of the adoptive child shall be relieved of all parental duties toward and of all responsibilities for and shall have no rights over such adoptive child'" (Matter of Peter Z. v Nilda C., 46 AD3d 696, 696-697; see Matter of Seasia D. [Kareem W.], 75 AD3d 548, 551; Matter of Kevin W. v Monique T., 38 AD3d 672, 673). While Domestic Relations Law § 117 is not to be applied literally if doing so would not serve the best interests of the child, "literal application is [*2]appropriate in this case, 'where there is a need to prevent unwanted intrusion'" by the child's putative biological father "'to promote the stability of the new adoptive family'" (Matter of Peter Z. v Nilda C., 46 AD3d at 697, quoting Matter of Jacob, 86 NY2d 651, 665).
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court