■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF

TOMPKINS COUNTY, on Behalf of BARBARA A., Respondent, v GREGORY B., Appellant. [621 NYS2d 727] —Mikoll, J. P. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered January 11, 1994, which, in a proceeding pursuant to Family Court Act article 5, denied respondent's application to vacate orders of filiation and support.

On November 16, 1993 respondent moved in Family Court to vacate an order of filiation entered in 1988 adjudging him to be the father of a child born to Barbara A. on October 10, 1987. The motion also sought to vacate a prior order of support for the child entered in October 1991.

The record reveals that respondent met the mother in the spring of 1987 when she was already three months pregnant with the child. Respondent and the mother were never married to each other but cohabited from the summer of 1987 until the spring of 1990.

In September 1988, petitioner filed a petition on behalf of the mother in Family Court alleging that respondent was the father of the child. Respondent admitted the allegations of the petition and the order of filiation was entered. On April 2, 1991, petitioner filed another petition seeking support from respondent and, by order entered in October 1991, Family Court directed respondent to pay, *inter alia,* $404 per month for the child's support. However, respondent has never paid any support pursuant to this order and is now in arrears in excess of $12,000.

On August 22, 1992, respondent arranged for blood samples to be taken from himself, the mother and the child which were sent to a laboratory for testing for paternity evaluation purposes. The evaluation report concluded that respondent cannot be the biological father of the child.

At a hearing held before a Hearing Examiner in Family Court on November 4, 1993, respondent produced the blood tests results raising the issue of paternity and the proceeding was referred to Family Court. On November 16, 1993, the return date of respondent's motion to vacate the filiation and support orders, Family Court and the parties held an off-the-record conversation in chambers and agreed that no opposing motion papers would be filed unless the court requested them and that the court would decide the motion without oral argument. Subsequently, Family Court denied the motion.

We find no merit to respondent's argument that the mother's knowing misrepresentation that he was the father of the child, which she made in the verified petition for the order of

filiation, constituted fraud on the court and, therefore, the filiation and support orders should be vacated. Petitioner correctly argues that there was no fraud or misrepresentation against respondent since both parties to the proceeding knew that respondent was not the father. Both parties received the benefit of the court's judgment (see, Bettino v Bettino, 112 AD2d 181). In Mancinelli v Mancinelli (203 AD2d 634) and in this case, the putative father openly acknowledged his fatherhood and developed a relationship with the child. Thus, the adjudicated father was equitably estopped from seeking to disclaim paternity (supra, at 635; see, McGovern v Getz, 193 AD2d 655, lv dismissed 82 NY2d 741; Matter of Dolan v Jay E., 183 AD2d 969; see also, Bettino v Bettino, 112 AD2d 181, supra). Further, the blood tests results regarding paternity may be deemed irrelevant because of the defense of equitable estoppel (see, Terrence M. v Gale C., 193 AD2d 437, lv denied 82 NY2d 661; see also, Matter of Barbara A. M. v Gerard J. M., 178 AD2d 412).

In determining whether to vacate an order of filiation, the focus should be on the parent-child relationship, the need to protect the child from the brand of illegitimacy and what is in the best interest of the child before determining whether the doctrine of estoppel is to be applied (see, Michael DeL. v Martha P., 173 AD2d 308, 309; Matter of Ettore I. v Angela D., 127 AD2d 6, 13). Here, however, because there were no answering papers detailing the parent-child relationship between respondent and the child, the record is incomplete and should be further developed so the court may render an informed decision on the issue of paternity, support and the child's best interest. To that end, the order of Family Court should be reversed and the matter remitted for the appointment of a Law Guardian of the child and to further develop the record relating to application of the doctrine of estoppel.

Mercure, White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.