■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF TOMPKINS COUNTY, on Behalf of BARBARA A., Respondent, v GREGORY B., Appellant. [646 NYS2d 212] —Mikoll, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered June 13, 1995, which, in a proceeding pursuant to Family Court Act article 4, denied respondent's motion to vacate child support arrears.

The sole issue before us is whether Family Court erred when it denied respondent's motion to vacate child support arrears owed to petitioner as a result of welfare benefits paid by petitioner to the mother and the child accruing between the inception of a support order entered October 10, 1991 and the termination of that order on April 28, 1994. This matter was before us in a prior appeal to this Court (211 AD2d 956) in which respondent attempted to vacate the adjudication of paternity entered into in 1988 on consent, initiated by joint petition of respondent and the child's mother. Respondent had lived with the mother and child until 1990. In 1991 a proceeding was brought seeking an order of support against him in which proceeding petitioner first raised the issue of nonpaternity. He was advised to make a formal application by Family Court. After a two-year delay, respondent sought to reopen the paternity matter which was denied. On appeal to this Court, the matter was remitted to Family Court for further development of the record. The matter was ultimately reopened and, upon stipulation, the order of filiation was vacated on May 23, 1995. Respondent then moved to vacate the child support arrears that accrued prior to the vacatur of the order of filiation, which Family Court denied.

On this appeal, respondent contends that Family Court erred in denying his motion to vacate child support arrears in that the mother was equally a party to the fraud committed on the

court in the initial paternity proceeding wherein both parties swore to respondent's paternity. Respondent urges that since the mother joined in the misrepresentation, equity should not permit the Department to benefit from its assignor's fraud. We find no justification warranting a departure from the prohibition of annulling child support arrears accruing prior to respondent's application for relief (*see,* Domestic Relations Law § 236 [B] [9] [b]; *Matter of Reynolds v Oster,* 192 AD2d 794, 795). Respondent does not come here with clean hands. Because of his fraud, relied upon by petitioner, and respondent's delay in bringing a proceeding to remedy the situation, the Department has forfeited its ability to secure support for the child from the child's real biological father, all to its financial injury (*see, Thurmond v Thurmond,* 155 AD2d 527). Under the circumstances, respondent is not entitled to relief.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.