■ In the Matter of CARL F. BROWN, Appellant, v GEORGIA LARRY et al., Respondents. [648 NYS2d 185] —White, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered March 8, 1995, which, in a proceeding pursuant to Family Court Act article 5, *inter alia,* determined that petitioner was not entitled to reimbursement of child support paid.

Predicated upon his acknowledgment of paternity, an order of filiation was entered against petitioner followed by an order directing him to pay $113 biweekly in child support. After a blood test excluded petitioner as the biological father of the child, Family Court vacated the order of filiation. By separate order, Family Court denied petitioner's application for an order directing respondent Sullivan County Department of Social Services to reimburse petitioner for the child support payments it had received from him. This appeal ensued.

We affirm. Inasmuch as the child support obligation imposed upon petitioner arose from his acknowledgment of paternity and not from any wrongdoing on respondents' part, we reject petitioner's argument that he is entitled to reimbursement under the principles of equity (*compare, Matter of Reynolds v Oster,* 192 AD2d 794, 796). In any event, the equities do not favor petitioner because, due to its good-faith reliance upon petitioner's acknowledgment of paternity, the Department was precluded from seeking child support from the actual biological father, to its financial injury (*see, Matter of Commissioner of Social Servs. [Barbara A.] v Gregory B.,* 229 AD2d 801).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.