■ BRIAN B., Appellant, v DIONNE B., Respondent. [699 NYS2d 491] —In a matrimonial action in which the parties were divorced by judgment dated November 1, 1994, the plaintiff former husband appeals from an order of the Supreme Court, Kings County (G. Garson, J.), entered February 18, 1999, which, without a hearing, denied his motion to modify the judgment of divorce to delete provisions relating to the subject child on the ground that he is not the biological father of that child.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff is equitably estopped from challenging paternity to avoid his support obligations (see, e.g., *Matter of Commissioner of Social Servs. of Tompkins County [Barbara A.] v Gregory B.,* 211 AD2d 956; *Richard B. v Sandra B. B.,* 209 AD2d 139; *Terrence M. v Gale C.,* 193 AD2d 437; *Matter of Montelone v Antia,* 60 AD2d 603). The plaintiff will not be permitted to render the subject child illegitimate for the sole purpose of furthering his own self-interests five years after the judgment of divorce was entered and twelve years after the subject child was born (see, e.g., *Mancinelli v Mancinelli,* 203 AD2d 634; *Matter of Barbara A. M. v Gerard J. M.,* 178 AD2d 412). This is especially so here, where the basis of the plaintiff's motion is "new evidence" gleaned from an unnamed "cousin" to the effect that the defendant might have had other sexual partners before the plaintiff married her in 1987 (see, CPLR 5015 [a] [2], [3]; *Richard B. v Sandra B. B., supra*). The fact that the plaintiff has severed his bond with the subject child should not redound to his benefit (see, *Richard B. v Sandra B. B., supra*). Finally, this Court has refused to consider the results of privately-arranged DNA/HLA tests, where, as here, there was no evidence of the procedures followed by the laboratory, and the reliability of the test results depended upon the assurance of a party that the blood samples were not tampered with when he

or she personally delivered them to the laboratory (*see, Matter of Barbara A. M. v Gerard J. M., supra*). Accordingly, the Supreme Court did not err in denying the plaintiff's motion to modify the judgment of divorce without holding a hearing. Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.