■ In the Matter of SARAH S., Respondent, v JAMES T., Appellant. [751 NYS2d 61] —Rose, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered April 11, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 5, to adjudicate respondent as the father of a child born to petitioner.

In May 1988, immediately after her relationship with another man ended, the then 16-year-old petitioner engaged in sexual relations with the then 18-year-old respondent. Petitioner became pregnant and, on February 10, 1989, gave birth to a son. At that time and for more than 10 years thereafter, both parties believed that respondent was the child's biological father, although the birth certificate named no one as the father. During that period, the child was raised by petitioner, had occasional contacts with respondent, and developed a strong relationship with respondent's family. In August 1999, in the course of obtaining health insurance coverage, blood test results conclusively excluded respondent as the child's biological father. Following Family Court's direction in its order dismissing a petition by petitioner seeking an order of filiation against her earlier lover, who has not acknowledged or asserted paternity, petitioner brought this paternity proceeding against respondent. Following a hearing, Family Court granted petitioner's application, finding, inter alia, that despite the blood test results stipulated to by the parties, the best interests of the child required application of the doctrine of equitable estoppel to preclude respondent from denying paternity. Respondent now appeals.

Contrary to respondent's contentions, Family Court properly determined that equitable estoppel precludes his defense to the paternity of the child. In determining whether the doctrine should be applied to a particular case, the child's best interests are of paramount concern (see Matter of Kristen D. v Stephen D., 280 AD2d 717, 719; Matter of Peter BB. v Robin CC., 256 AD2d 889, 890; Matter of James BB. v Debora AA., 202 AD2d 852, 853-854). To that end, the "courts are more inclined to impose equitable estoppel to protect the status of a child in an already recognized and operative parent-child relationship" (Matter of Lorie F. v Raymond F., 239 AD2d 659, 660; see Matter of Kristen D. v Stephen D., supra at 719).

Although the record here reflects that respondent played a limited role as the child's father, he has been involved in the child's life for 11 years, with both he and the child believing that, and acting as if, he were the child's father. While respondent saw the child on only a few holidays, and attended only

one of the child's soccer games and none of the child's school events or medical appointments, he has spent meaningful time with the child over the years, spoken with the child by telephone approximately once per week, voluntarily given some financial support, and enabled the child to develop close relationships with his extended family. Petitioner testified, and respondent's mother confirmed, that the child visits respondent's parents regularly, calls them "grandma" and "grandpa" and has a nephew-uncle relationship with respondent's brothers, one of whom is his godfather.

We also find no evidence of fraud that would preclude petitioner's assertion of equitable estoppel. While her belief that the child's father was respondent, rather than her earlier lover, may have been naive, there is no evidence that she deceived respondent into having the same belief (*see Matter of Dolan [Faye D.] v Jay E.*, 183 AD2d 969). Nor are we persuaded that petitioner's eventual disclosure of the blood test results to the child dissolved the relationship supporting an equitable estoppel here. In their testimonies, both respondent and respondent's mother acknowledged that he continues to have a loving parent-child relationship with the child. Since respondent openly acknowledged his fatherhood and developed a loving relationship with the child over a period of many years, equitable estoppel was appropriately imposed (*see Mancinelli v Mancinelli*, 203 AD2d 634, 635).

Respondent's remaining contentions have been considered and found to be unavailing.

Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.