In the Matter of JOSE F.R., Appellant, v REINA C.A., Respondent. [846 NYS2d 630]—

In a support proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Nassau County (Pessala, J.), dated October 23, 2006, which, after a hearing on the issue of equitable estoppel, denied his motion to vacate an order of filiation of the same court (Watson, S.M.), dated March 17, 2004, and for DNA genetic marker testing.

Ordered that the order is affirmed, without costs or disbursements.

The doctrine of equitable estoppel may be invoked to preclude a parent from challenging an order of filiation. In determining whether equitable estoppel should be applied, it is the child's best interests which are of paramount concern (*see Matter of Gina L. v David W.,* 34 AD3d 810, 811 [2006]; *Matter of Griffin v Marshall,* 294 AD2d 438 [2002]; *Matter of Louise P. v Thomas R.,* 223 AD2d 592, 593 [1996]). Moreover, where a child justifiably relies on the representations of a man that he is his or her father with the result that he or she will be harmed by the man's denial of paternity, the man may be estopped from making such a denial (*see Matter of Shondel J. v Mark D.,* 7 NY3d 320, 327 [2006]).

Under the circumstances presented here, the Family Court properly determined that it was in the subject child's best interests to apply the doctrine of equitable estoppel and deny the petitioner's motion to vacate the order of filiation and for DNA genetic marker testing. The hearing testimony established that the petitioner and the subject child had established a parent-child relationship and that the subject child had developed relationships with members of the petitioner's family.

The hearing testimony also demonstrated that the petitioner held himself out as the father of the subject child. Moreover, at the time the petitioner challenged paternity, the subject child was over 10 years old and almost two years had passed since the petitioner consented to the filiation order. Contrary to the petitioner's contention, his current estrangement from the subject child did not preclude the application of equitable estoppel (*see Matter of Shondel J. v Mark D.*, 7 NY3d at 331; *Brian B. v Dionne B.*, 267 AD2d 188 [1999]; *Richard B. v Sandra B.B.*, 209 AD2d 139, 144 [1995]).

Furthermore, the petitioner did not adequately support his claim of newly-discovered evidence or fraud under CPLR 5015 (a) (3) to demonstrate that the order of filiation should be vacated (*see Matter of Vernon J. v Sandra M.*, 36 AD3d 912, 913 [2007]; *Richard B. v Sandra B.B.*, 209 AD2d at 144). Krausman, J.P., Fisher, Angiolillo and Balkin, JJ., concur.