■ In the Matter of TANESHA H., Respondent, v PHILLIP C., Appellant. [870 NYS2d 289]—

The hearing evidence, as well as the testimony of the children received in camera, amply establishes that respondent acted and held himself out to be the children's father over a period of years, and that they perceived themselves as having had a loving family relationship with him. According due deference to the court's assessment of the conflicting testimony of the parents (*Matter of Anne R. v Estate of Francis C.*, 234 AD2d 375, 376 [1996], *lv denied* 89 NY2d 815 [1997]), we find that petitioner proved respondent's paternity by clear and convincing evidence (*Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137 [1983]). Furthermore, in viewing the matter from the perspective of the children, we conclude that it would not be in their best interests to conduct genetic marker testing in furtherance of respondent's challenge to paternity, which the court equitably estopped (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320 [2006]; *Matter of Jose F.R. v Reina C.A.*, 46 AD3d 564 [2007]). Although the court should have reduced its decision to writing at the time (Family Ct Act § 418 [a]), its reasoning must have been clear to respondent from the explicit fact-finding on the record. Concur—Lippman, P.J., Gonzalez, Nardelli, Buckley and Acosta, JJ.