■ In the Matter of GLENDA G., Respondent, v MARIANO M., Appellant. [880 NYS2d 18]—

Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about August 1, 2007, which declared respondent to be the father of the subject child, unanimously affirmed, without costs.

The record demonstrates that respondent had a long-standing sexual relationship with petitioner, including during the time of conception. Respondent acknowledged that the child, who is now 14 years old, calls him "Dad" and that he spoke to the child about his future. Respondent saw the child every few months and bought him clothing and he never attempted to dissuade the child from believing he was the father. Furthermore, the court interviewed the child, who informed the court that he knew respondent as his father and that he wished to have a closer relationship with him; there is no evidence or claim that any other person could be the father of the child.

Under these circumstances, where respondent assumed the role of a parent, albeit somewhat limited, and led the child to believe he was his father, the court properly concluded that the best interests of the child required that respondent be estopped from denying paternity (*see Matter of Sarah S. v James T.*, 299 AD2d 785 [2002]). Respondent's reason for demanding a DNA test, to remove his doubts as to whether he was the father, is not a sufficient basis for ordering a DNA test, almost 13 years after the child's birth (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 331-332 [2006]). While the court should have reduced its decision to writing at the time (Family Ct Act § 418 [a]), its

reasoning had to have been clear to respondent, who was present when the court made its fact-finding on the record (*see Matter of Tanesha H. v Phillip C.*, 57 AD3d 403 [2008]). Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Renwick, JJ.