■ In the Matter of DEVONA SMYTHE, Petitioner, v AARON WORLEY, Respondent. KAREN P. SIMMONS, Attorney for the Child, Nonparty Appellant. [899 NYS2d 365]—

In a proceeding pursuant to article 5-B of the Family Court

Act, the attorney for the child appeals, by permission, from an order of the Family Court, Kings County (O'Shea, J.), dated July 14, 2009, which, after a hearing on the issue of equitable estoppel and upon a decision dated June 23, 2009, finding that the mother failed to meet her prima facie burden of demonstrating that the putative father is equitably estopped from challenging paternity, granted the putative father's application for the parties and the subject child to submit to genetic marker testing.

Ordered that the order dated July 14, 2009, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing on equitable estoppel, and for a new determination of the putative father's application for the parties and the subject child to submit to genetic marker testing.

Devona Smythe (hereinafter the mother) commenced this proceeding at the behest of the State of Georgia pursuant to the Uniform Interstate Family Support Act (hereinafter UIFSA) to establish the putative father's paternity of the child and to obtain child support. In response, the putative father requested genetic marker testing. Thereafter, the Family Court conducted an equitable estoppel hearing at which the mother presented evidence that the putative father held himself out as the child's biological father and developed a parent-child relationship with the child for several years, and that the child had developed relationships with members of his family. Nevertheless, the Family Court granted the putative father's application to dismiss the equitable estoppel defense and for genetic marker testing based upon its finding that the mother failed to present evidence that the child would be harmed by such testing.

The paramount concern in applying equitable estoppel in paternity cases is the best interests of the subject child (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]; *Matter of John Robert P. v Vito C.*, 23 AD3d 659, 661 [2005]; *Matter of Maurice T. v Mark P.*, 23 AD3d 567 [2005]). "[W]here a child justifiably relies on the representations of a man that he is his or her father with the result that he or she will be harmed by the man's denial of paternity, the man may be estopped from making such a denial" (*Matter of Jose F.R. v Reina C.A.*, 46 AD3d 564, 564 [2007]). Additionally, "[C]ourts are more inclined to impose equitable estoppel to protect the status of a child in an already recognized and operative parent-child relationship" (*Matter of Sarah S. v James T.*, 299 AD2d 785, 785 [2002] [internal quotation marks omitted]; *see Matter of Greg S. v Keri C.*, 38 AD3d 905, 905 [2007]).

Here, the hearing testimony demonstrated that the putative father and the child, who was 15 years old at the time these proceedings commenced, had established a parent-child relationship and that the child had developed relationships with members of his family. From these facts, the Family Court should have found that there was sufficient evidence of harm to the child since the child changed his position by forming a bond with the putative father and his family (*see Matter of Shondel J. v Mark D.*, 7 NY3d at 328; *see also Matter of Glenda G. v Mariano M.*, 62 AD3d 536, 536 [2009]; *Matter of Tanesha H. v Phillip C.*, 57 AD3d 403 [2008]; *Matter of Jose F.R. v Reina C.A.*, 46 AD3d at 564; *Matter of Westchester County Dept. of Social Servs. v Robert W.R.*, 25 AD3d 62, 71 [2005]). Under these circumstances, the evidence indicating that the parent-child relationship was somewhat limited did not preclude the application of the doctrine of the equitable estoppel (*see Matter of Glenda G. v Mariano M.*, 62 AD3d at 536; *Matter of Sarah S. v James T.*, 299 AD2d at 785-786).

Consequently, the Family Court should have determined that the mother met her prima facie burden of demonstrating that the putative father is equitably estopped from challenging paternity, denied the putative father's motion to dismiss, and continued the hearing to afford him an opportunity to present evidence that it would be in the child's best interests to order genetic marker testing. Covello, J.P., Florio, Miller and Eng, JJ., concur.