■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of EDITH S., Respondent, v VICTOR C., Appellant. [936 NYS2d 149]—

Respondent's procedural objection challenging a portion of the paternity hearing as having been improperly held before a Support Magistrate who lacked authority to determine estoppel issues in a contested proceeding, is unavailing. The Support Magistrate properly referred the matter to a Family Court Judge pursuant to Family Ct Act § 439 (b) when the issue of equitable estoppel was raised. The transfer was consistent with the rule that the "Family Court should consider paternity by estoppel before it decides whether to test for biological paternity" (*Matter of Shondel J. v Mark D.*, 7 NY3d 320, 330 [2006]). The adequacy of the evidence presented before the Support Magistrate on the issue of biological paternity is irrelevant, since that evidence was not relied upon by the Family Court Judge.

The evidence presented at the hearing established that the 13-year-old child considers respondent to be her father, enjoys visiting with him, and has a familial relationship with his relatives, including his mother and other children. It further established that the child calls respondent, "dad," that he never dissuaded her from doing so, and that respondent's mother has always held herself out as the child's grandmother. Furthermore, a social worker who interviewed the child testified that subjecting the adolescent child, who wishes to have a stronger relationship with respondent, to genetic marker testing would be emotionally damaging for her at this age. Under these circumstances, although the relationship between respondent and the child was somewhat limited, the Family Court properly concluded that the best interests of the child require that respondent be estopped from denying paternity (*see Matter of Smythe v Worley*, 72 AD3d 977 [2010]; *Matter of Glenda G. v Mariano M.*, 62 AD3d 536 [2009], *lv denied* 13 NY3d 708 [2009]). Concur—Gonzalez, P.J., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ.