In a proceeding pursuant to Family Court Act article 5 to establish paternity and for an award of child support, the child, nonparty Terrance S., appeals from an order of the Family Court, Suffolk County (Genchi, J.), dated April 10, 2012, which denied his objections to an order of filiation of the same court (Grier, S.M.), dated October 11, 2011, made after a hearing, adjudicating Timothy C. to be his father, and to an order of support of the same court (Grier, S.M.), dated February 15, 2012, made upon Timothy C.’s failure to appear, inter alia, fixing Timothy C.’s child support obligation.
Ordered that the order dated April 10, 2012, is affirmed, without costs or disbursements.
The petitioner commenced this proceeding by filing a petition asserting, among other things, that the respondent, Timothy C., is the father of the subject child, nonparty Terrance S., and seeking, inter alia, an order of filiation. Terrance’s attorney filed a motion to preclude genetic marker testing and to dismiss the petition on the basis of equitable estoppel, claiming that Timothy C. had no relationship with the child, and asserting that a former boyfriend of the child’s custodian played a fatherly role in the child’s life. After a hearing, the Family Court denied the motion, and, after genetic marker testing was performed, issued an order of filiation dated October 11, 2011, adjudicating Timothy C. to be the father of the subject child. The court subsequently issued an order of support dated February 15, 2012, which, inter alia, fixed Timothy C.’s child support obligation. In the order appealed from, the Family Court denied the objections to the order of filiation and the order of support. We affirm the order appealed from, but on grounds different from those upon which the Family Court relied.
“The purpose of equitable estoppel is to preclude a person from asserting a right after having led another to form the reasonable belief that the right would not be asserted, and loss or prejudice to the other would result if the right were asserted” (Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]). “The law imposes the doctrine as a matter of fairness” (id. at 316). “Its purpose is to prevent someone from enforcing rights that would work injustice on the person against whom enforcement is sought and who, while justifiably relying on the opposing party’s actions, has been misled into a detrimental change of *861 position” (id.). “New York courts have long applied the doctrine of estoppel in paternity and support proceedings” (id.). “Although it originated in case law, paternity by estoppel is now secured by statute in New York” (id.; see Family Ct Act §§ 418 [a]; 532 [a]). “ ‘The paramount concern in applying equitable estoppel in paternity cases is the best interests of the subject child’ ” (Matter of Felix O. v Janette M., 89 AD3d 1089, 1090 [2011], quoting Matter of Smythe v Worley, 72 AD3d 977, 978 [2010]; see Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 5 [2010]; Matter of Shondel J. v Mark D., 7 NY3d at 326). “[T]he doctrine has been used to prevent a biological father from asserting paternity rights when it would be detrimental to the child’s interests to disrupt the child’s close relationship with another father figure” (Matter of Juanita A. v Kenneth Mark N., 15 NY3d at 6).
Under the unusual circumstances of this case, the evidence proffered by the child’s attorney and the testimony elicited at the hearing were insufficient to warrant the application of equitable estoppel in this matter. Contrary to the contentions of the child’s attorney, here, the evidence was insufficient to demonstrate that the relationship between the subject child and the former boyfriend of the child’s custodian rose to the level of a “recognized and operative parent-child relationship” (Matter of Shondel J. v Mark D., 7 NY3d at 327 [internal quotation marks omitted]; Marilyn C.Y. v Mark N.Y., 64 AD3d 645, 646 [2009] [internal quotation marks omitted]) such that the application of equitable estoppel in this case would be in the child’s best interests (see generally Jean Maby H. v Joseph H., 246 AD2d 282, 289 [1998]). Further, the record was sufficient for the Family Court to make its determination (compare Matter of Isaiah A. C. v Faith T., 43 AD3d 1048, 1049 [2007]; Matter of Charles v Charles, 296 AD2d 547, 550 [2002]). Additionally, under the circumstances of this case, the court providently exercised its discretion in declining to conduct an in camera interview of the child (see Matter of Murphy v Lewis, 106 AD3d 1091, 1092 [2013]; Matter of Andracchi v Reetz, 106 AD3d 734, 735 [2013]; Matter of Giannoulakis v Kounalis, 97 AD3d 748, 750 [2012]; see also Matter of Lincoln v Lincoln, 24 NY2d 270, 273-274 [1969]).
The child’s attorney’s remaining contention is without merit. Mastro, J.E, Dickerson, Chambers and Roman, JJ., concur.