In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Greenwald, J.), dated December 10, 2012, which, upon sua sponte vacating a prior order of the same court dated February 17, 2012, directing, after a hearing on the issue of equitable estoppel, the parties and the child to submit to genetic marker testing, denied the father’s petition to vacate an order of filiation dated April 24, 2000, entered on consent.
Ordered that the order dated December 10, 2012, is affirmed, with costs.
*745 Initially, contrary to the father’s contention, the Family Court acted within its authority in, sua sponte, reconsidering its own nonfinal order, which is not appealable as of right, during the pendency of the proceeding (see Liss v Trans Auto Sys., 68 NY2d 15, 20 [1986]; Matter of Budihas v Board of Educ. of City of N.Y., 285 AD2d 549, 550 [2001]; cf. Adams v Fellingham, 52 AD3d 443, 444 [2008]).
Further, the Family Court properly determined that the father was equitably estopped from challenging the order of filiation. “[W]here a child justifiably relies on the representations of a man that he is his or her father with the result that he or she will be harmed by the man’s denial of paternity, the man may be estopped from making such a denial” (Matter of Jose F.R. v Reina C.A., 46 AD3d 564, 564 [2007]; see Matter of Smythe v Worley, 72 AD3d 977, 978 [2010]). The paramount concern in applying the doctrine of equitable estoppel in this context is the best interests of the subject child (see Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]; Matter of Smythe v Worley, 72 AD3d at 978; Matter of Jose F.R. v Reina C.A., 46 AD3d at 565).
Here, the order of filiation was entered approximately 10 years prior to the instant petition, and the father had been paying child support during that time. In addition, the father sought, and was granted, visitation with the subject child, which he exercised, although sporadically. The father attended some of the child’s school functions and parent-teacher conferences, had telephone contact with the child, and saw the child on some of her birthdays. The child, who was 15 years old at the time the father’s petition was filed, was acquainted with some of the father’s family members, considered the father to be her father, and had never known any other father. Under these circumstances, the Family Court properly invoked the doctrine of equitable estoppel to preclude the father’s challenge to the order of filiation (see Matter of Commissioner of Social Servs. v Julio J., 20 NY3d 995, 997 [2013]; Matter of Merritt v Allen, 99 AD3d 1006, 1007 [2012]; Matter of Smythe v Worley, 72 AD3d at 979; Matter of Jose F.R. v Reina C.A., 46 AD3d at 564-565), and “the evidence indicating that the parent-child relationship was somewhat limited did not preclude the application of [that] doctrine” (Matter of Smythe v Worley, 72 AD3d at 979; see Matter of Glenda G. v Mariano M., 62 AD3d 536 [2009]; Matter of Sarah S. v James T., 299 AD2d 785, 785-786 [2002]). Accordingly, the father’s petition to vacate an order of filiation entered on consent was properly denied.
Skelos, J.E, Dillon, Dickerson and Austin, JJ., concur.