■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMONT HARRIS, Appellant. [38 NYS3d 798]—Order, Supreme Court, New York County (Analisa Torres, J.), entered on or about May 11, 2012, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Defendant's argument that the court's assessment of points under the risk factor for a prior violent felony was not supported by sufficient documentation is unpreserved and we decline to consider it in the interest of justice. In any event, we find that the case summary was reliable hearsay that constituted clear and convincing evidence to support this point assessment (*see People v Mingo*, 12 NY3d 563, 572-573 [2009]). Concur—Friedman, J.P., Richter, Feinman, Kapnick and Kahn, JJ.

■ In the Matter of JENNIFER S., Respondent, v TONY J., Appellant. [38 NYS3d 798]—Order, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about June 12, 2015, which granted petitioner's motion for an order of filiation naming respondent-appellant the subject child's father, unanimously affirmed, without costs.

The court properly determined that equitable estoppel prevented appellant from challenging his paternity of the child with DNA testing since the record, including appellant's own testimony, establishes that he had a long-standing bond with the child, whom he has supported financially and emotionally, and that such testing would not be in the child's best interest (*see* Family Ct Act § 418 [a]; *Matter of Shondel J. v Mark D.*, 7 NY3d 320 [2006]). Concur—Friedman, J.P., Richter, Feinman, Kapnick and Kahn, JJ.