Matter of Ramos v Broderek (2018 NY Slip Op 07733)





Matter of Ramos v Broderek


2018 NY Slip Op 07733


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-12940
 (Docket No. U-402-17)

[*1]In the Matter of Nicole L. Ramos, respondent,
v
Matthew T. Broderek, appellant.


Larkin, Ingrassia & Tepermayster, LLP, Newburgh, NY (William J. Larkin of counsel), for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Michael Rabiet of counsel), for respondent.
Geoffrey E. Chanin, Goshen, NY, attorney for the child.



DECISION & ORDER
In a paternity proceeding pursuant to Family Court Act article 5, Matthew T. Broderek appeals from an order of filiation of the Family Court, Orange County (Christine P. Krahulik, J.), entered September 12, 2017. The order of filiation adjudicated Matthew T. Broderek to be the father of the subject child.
ORDERED that the notice of appeal from the order of filiation is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order of filiation is affirmed, without costs or disbursements.
The mother and Matthew T. Broderek had an intimate relationship beginning in June or July 2010, during which time the mother became pregnant. The mother testified that for approximately one month, starting at the time Broderek became aware that she was pregnant, Broderek acted as though he was the father of the unborn child. Around the time of conception, however, the mother also had intimate relations with her ex-husband. In March 2011, the mother gave birth to the subject child.
In or about August 2011, the mother's ex-husband took a DNA test, the results of which indicated that he was not the father of the child. Furthermore, the ex-husband and the child never had a relationship. When the child was approximately four years old, the mother married another man with whom the child does not have a close relationship. In December 2016, Broderek took a DNA test, the results of which indicated a 99.99% probability that he was the child's biological father. In January 2017, the mother filed a petition alleging that the Broderek is the father of the child. At the conclusion of the fact-finding hearing, the Family Court concluded that the doctrine of equitable estoppel did not apply in this matter and adjudicated Broderek as the child's biological father.
We agree with the Family Court's determination that the doctrine of equitable estoppel did not apply in this matter. Equitable estoppel may successfully be invoked in paternity proceedings, in the interest of fairness, to prevent the enforcement of rights which would ultimately work fraud or injustice upon the person against whom enforcement is sought (see Matter of D.S.S. v Timothy C., 114 AD3d 860, 860; Matter of Janis C. v Christine T., 294 AD2d 496, 497). Equitable estoppel, however, "does not involve the equities between [or among] the . . . adults" (Matter of Felix O. v Janette M., 89 AD3d 1089, 1090 [internal quotation marks and citation omitted]). Instead, "[t]he paramount concern in applying equitable estoppel in paternity cases is the best interests of the subject child" (Matter of Suffolk County Dept. of Social Servs. v Dominick C., 162 AD3d 1053, 1054; see Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 5; Matter of Smythe v Worley, 72 AD3d 977, 978). Equitable estoppel is not used to deny the existence of a relationship, but rather to protect one (see Matter of Juanita A. v Kenneth Mark N., 15 NY3d at 5).
Here, the evidence presented at the hearing, including the parties' testimony, demonstrated that the application of equitable estoppel was not warranted. Contrary to Broderek's contentions, the evidence did not demonstrate a close relationship between the child and either the mother's former or current husband such that the application of equitable estoppel would be in the child's best interests (see id.; Matter of D.S.S. v Timothy C., 114 AD3d at 861).
Accordingly, we agree with the Family Court's determination declining to apply the doctrine of equitable estoppel and adjudicating Broderek as the father of the child.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court