Matter of Shaundell M. v Trevor C. (2018 NY Slip Op 08304)





Matter of Shaundell M. v Trevor C.


2018 NY Slip Op 08304


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2018-02685
2018-02686
2018-02687
 (Docket No. P-16369-17)

[*1]In the Matter of Shaundell M. (Anonymous), respondent, 
v
Trevor C. (Anonymous), appellant.


Alan S. Cabelly, Jamaica, NY, for appellant.
Helen Pundurs Bua, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, Trevor C. appeals from (1) an order of the Family Court, Queens County (Mildred T. Negron, J.), dated January 25, 2018, (2) findings of fact of the same court (Serena Rosario, S.M.), dated February 1, 2018, and (3) an order of filiation of that court, also dated February 1, 2018. The first order, after a hearing on the issue of equitable estoppel, denied Trevor C.'s application for DNA genetic marker testing. The order of filiation adjudicated Trevor C. to be the father of the subject child.
ORDERED that the appeal from the findings of fact dated February 1, 2018, is dismissed, without costs or disbursements; and it is further,
ORDERED that the notices of appeal from the order dated January 25, 2018, and the order of filiation are deemed to be applications for leave to appeal from those orders, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order dated January 25, 2018, and the order of filiation are affirmed, without costs or disbursements.
In August 2017, the petitioner mother commenced this paternity/support proceeding pursuant to Family Court Act article 5, inter alia, to adjudicate Trevor C., the appellant, to be the father of the subject child, who was born in 2005. No father was named on the birth certificate and the mother was never married. The appellant denied paternity and made an application for DNA genetic marker testing.
On January 25, 2018, the Family Court conducted a hearing to determine if equitable estoppel should preclude the DNA genetic marker testing. Both parties were represented by counsel and the attorney for the child was present. At the time of the hearing, the child was 12 years old.
While the testimony of the parties and the child showed the contact between the appellant and the child to be somewhat minimal, the credible testimony demonstrated that the child considered the appellant to be her father and that the appellant held himself out to be the child's [*2]father. The mother testified to an exclusive sexual relationship with the appellant during the relevant period. The child was interviewed by the court in camera, wherein testimony was elicited that the child wants a relationship with the appellant, whom the child considered to be her father and whom she called "dad." The child referred to the appellant's older children as her sister and brother and indicated that she had a personal relationship with them. Based on the credible testimony adduced at the hearing, the best interests of the child support the Family Court's application of the doctrine of equitable estoppel in determining that the appellant was the father of the child, and in denying his application for a DNA genetic marker test (see Family Ct Act § 532[a]; Matter of Wanda M. v Lawrence T., 80 AD3d 765; Matter of Smythe v Worley, 72 AD3d 977; Matter of Glenda G. v Mariano M., 62 AD3d 536).
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court