Matter of Caroline D. v Travis S. (2019 NY Slip Op 00032)





Matter of Caroline D. v Travis S.


2019 NY Slip Op 00032


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


7989

[*1]In re Caroline D., Petitioner-Respondent,
v
Travis S., Respondent-Appellant.


Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Diana Lawless of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order of filiation, Family Court, New York County (Linda H. Safron, Support Magistrate), entered on or about August 1, 2017, which adjudged respondent to be the father of the subject child, unanimously reversed, on the law and the facts, without costs, and the matter remanded for further proceedings.
Although no appeal lies as of right from an order of filiation entered in a proceeding where an order of support has been requested, we deem the notice of appeal an application for leave to appeal and grant respondent such leave (see Family Ct Act § 1112[a]; Matter of Harstein v Mike S., 107 AD2d 684 [2d Dept 1985]).
The order under review, which resolves "issues of contested paternity involving claims of equitable estoppel," was outside of the scope of the Support Magistrate's statutory authority (Family Ct Act § 439 [a], [b]), as were the August 1, 2017 proceedings resulting in that order and the Support Magistrate's issuance of a determination, before Family Court had considered the estoppel issue, that respondent was precluded from obtaining a DNA test, (see Family Ct Act 418; Matter of Commissioner of Social Servs. v Victor C., 91 AD3d 417 [1st Dept 2012]).
Furthermore, the record shows that the Family Court Judge who was to have heard respondent's request for a DNA test and the estoppel issue on May 15, 2017 did not wait for respondent to join his attorney in the courtroom before denying respondent's request. Shortly thereafter, when respondent appeared before the Support Magistrate without his attorney, the Support Magistrate gave respondent technical instructions for counsel about the procedure and substance of the motion to be filed to have the matter heard by a judge. Given this, and because respondent appeared at the August 1, 2017 proceedings prepared to file his motion to vacate the default or re-calendar the case, this was not an ordinary default situation for purposes of CPLR 5511, even though his attorney stood mute at those proceedings (cf. Matter of Lastanzea L [Lakesha L.]., 87 AD3d 1356 [4th Dept 2011], lv dismissed in part and denied in part 18 NY3d 854 [2011]; Matter of Miguel M.-R.B., 36 AD3d 613 [2d Dept 2007], lv dismissed 8 NY3d 957 [2007]). Under the circumstances presented, the Support Magistrate abused her discretion by denying respondent's request to adjourn the proceedings where respondent needed the adjournment in order to file the motion, and we remand to Family Court for further proceedings.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK