Matter of Department of Social Servs. v Donald A.C. (2020 NY Slip Op 00547)





Matter of Department of Social Servs. v Donald A.C.


2020 NY Slip Op 00547


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Friedman, J.P., Webber, Kern, González, JJ.


10902 -6873/17

[*1] In re Department of Social Services, etc., Petitioner-Respondent,
v
Donald A.C., Respondent-Appellant.


The Law Offices of Salihah R. Denman, PLLC, Harrison (Salihah R. Denman of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.
Bruce A. Young, New York, attorney for the child.



Order, Family Court, New York County (Adam Silvera, J.), entered on or about May 10, 2018, which, after a hearing, estopped respondent from obtaining a genetic markings test, and, by separate order of filiation, adjudged and declared him the father of the subject child, unanimously affirmed, without costs.
Family Court properly determined that equitable estoppel prevented respondent from challenging his paternity of the subject child with DNA testing (see Family Court Act § 532[a]). Clear and convincing evidence demonstrates that respondent, who does not deny that he is the biological father of the subject child's older and younger brothers, also held himself out as her father (see Matter of Shondel J. v Mark D., 7 NY3d 320, 326-327 [2006]). The child calls respondent "Daddy" and has a familial relationship with his parents and relatives. Respondent was present at the hospital shortly after the child was born, attended her birthday parties, and bought her gifts and clothing. Accordingly, even if the parent-child relationship was limited as he claims, it was in the child's best interests to estop respondent from disputing paternity (Matter of Glenda G. v Mariano M., 62 AD3d 536 [1st Dept 2009], lv denied 13 NY3d 708 [2009]; see Matter of Smythe v Worley, 72 AD3d 977 [2d Dept 2010]). Issues of credibility were for the Family Court to resolve, and there is no basis to disturb its determination to credit the testimony of the mother and reject respondent's testimony as "incredible" (see Matter of Commissioner of Social Servs. v Dwayne W., 146 AD3d 718, 719 [1st Dept 2017]).
To the extent respondent contends that he is not the subject child's biological father, such argument is irrelevant. The court did not rely on evidence relating to biological parenthood, but resolved the petition based on equitable estoppel, which is made "irrespective of biological [*2]fatherhood" in accordance with the legislature's "deliberate policy choice" (Shondel, 7 NY3d at 330).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK