Matter of Lorraine D. S. v Steven W. (2020 NY Slip Op 01298)





Matter of Lorraine D. S. v Steven W.


2020 NY Slip Op 01298


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Renwick, J.P., Mazzarelli, Moulton, González, JJ.


11123 -34373/17

[*1] In re Lorraine D. S., Petitioner-Respondent,
v
Steven W., Jr., Respondent-Appellant.


Geoffrey P. Berman, Larchmont, for appellant.
Aleza Ross, Patchogue, for respondent.
The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), attorney for the child.



Order, Family Court, Bronx County (Sydney Gribetz, J.), entered on or about February 15, 2019, which, after a hearing, found that respondent was equitably estopped from denying paternity of the subject child, and entered an order of filiation declaring him to be the child's father, unanimously affirmed, without costs.
Although no appeal lies as of right from an order of filiation entered in a proceeding where an order of support has been requested, we deem the notice of appeal an application for leave to appeal and grant respondent such leave (see Family Ct Act § 1112[a]; Matter of Caroline D. v Travis S., 168 AD3d 410 [1st Dept 2019]).
Clear and convincing evidence demonstrates that respondent held himself out as the father of the child and that the child, who was 15 years old at the time of the hearing, considered respondent to be his father (see Matter of Shondel J. v Mark D., 7 NY3d 320, 330 [2006]). The child lived with respondent and his mother for approximately five years and believed that respondent was his father, and respondent never attempted to dissuade the child from believing otherwise. Even after respondent and the mother stopped living together, respondent regularly sent text messages and visited with the child, and indicated to the mother that the child would have his own space for weekend visits in respondent's new home. Respondent attended the child's basketball games and graduations and had the child as his best man at his wedding to his current wife. He introduced the child as his son to the guests at the wedding and referred to him as his child on social media. Under these circumstances, where respondent assumed the role of a parent and led the child to believe he was his father, the court properly concluded that the best interests of the child required that respondent be estopped
from denying paternity (see Matter of Kerry Ann P. v Dane S., 121 AD3d 470, 471 [1st Dept 2014]; Matter of Commissioner of Social Servs. v Victor C., 91 AD3d 417 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK