Matter of Rosa Y. A. P. v Jose B. P. T. (2020 NY Slip Op 03115)





Matter of Rosa Y. A. P. v Jose B. P. T.


2020 NY Slip Op 03115


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-08492
 (Docket Nos. P-14904-18, P-14905-18)

[*1]In the Matter of Rosa Y. A. P. (Anonymous), respondent, 
v
Jose B. P. T. (Anonymous), appellant.


Linda C. Braunsberg, Staten Island, NY, for appellant.
Sandra M. Munoz, Jamaica, NY, for respondent.
Joseph H. Rotkowitz, Flushing, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 5, Jose B. P. T. appeals from an order of the Family Court, Queens County (Dweynie E. Paul, J.), dated June 7, 2019. The order, after a hearing, granted the petitions and adjudicated Jose B. P. T. to be the father of the subject children.
ORDERED that the order is affirmed, without costs or disbursements.
Jose B. P. T. (hereinafter the appellant) and the petitioner (hereinafter the mother), who are originally from the Dominican Republic, were in a intimate relationship, though never married, during the time of conception of both of the subject children. The children were born in the Dominican Republic in 2003 and 2004, respectively. At the time of their birth, the appellant recognized both children as his own, he was present at the hospital during their delivery, and he registered both children's birth certificates, which list him as their father. Sometime during the children's early childhood, the parties separated, but the appellant continued to support the children financially, and occasionally visited with the children on weekends and during the summer. The children would also visit with the appellant's mother every summer, whom they identified as their grandmother. Both of the children know the appellant as their father.
In or around 2016, the appellant emigrated to New York, and the mother and the children followed in February 2018. While in New York, the children spoke to the appellant over the phone, but they did not visit with him until July 2018. That same month the mother filed the instant petitions. During the proceedings, the appellant sought genetic marker testing. There is no evidence or claim that any other person could be the father of the children beyond the appellant's claim that the mother has circulated a rumor that he is not the father, a claim the mother denies, and which the appellant asserts as the basis for requesting genetic marker testing.
Following a hearing, the Family Court concluded that the appellant was equitably estopped from denying paternity, denied his application for genetic marker testing, and adjudicated him to be the children's father. This appeal ensued.
" Before a party can be estopped from denying paternity or from obtaining a DNA test that may establish that he is not the child's biological parent, the court must be convinced that applying equitable estoppel is in the child's best interest'" (Matter of Guy M.J. v Abiola N.S., 158 AD3d 764, 765, quoting Matter of Commissioner of Social Servs. v Julio J., 20 NY3d 995, 997; see Matter of Shondel J. v Mark D., 7 NY3d 320, 327). Here, where the appellant had long-assumed the role of a parent, led the children to believe he was their father, and provided financial support to the children for most of their lives, we agree with the Family Court's determination that it was in the children's best interests to apply the doctrine of equitable estoppel (see Matter of Shondel J. v Mark D., 7 NY3d at 327; Matter of Guy M.J. v Abiola N.S., 158 AD3d at 765; Matter of Merritt v Allen, 99 AD3d 1006, 1007). Neither the rumor allegedly perpetrated by the mother that the appellant was not the father, nor the deterioration of the appellant's relationship with the children beginning around the time the petitions in this matter were filed, militate against the application of the doctrine of equitable estoppel (see Matter of Shondel J. v Mark D., 7 NY3d at 331-332; Brian B. v Dionne B., 267 AD2d 188, 188).
The appellant's remaining contentions are without merit.
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court