Matter of Corporation Counsel New York City v Tyrone M. (2021 NY Slip Op 00623)





Matter of Corporation Counsel New York City v Tyrone M.


2021 NY Slip Op 00623


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Shulman, JJ. 


Docket No. U-12382/18 Appeal No. 13025 Case No. 2019-04759 

[*1]In the Matter of Corporation Counsel — New York City, et al., Petitioners-Respondents,
v
Tyrone M., Respondent-Appellant.


Anne Reiniger, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Julie Steiner of counsel), for respondent.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), attorney for the children.



Order, Family Court, New York County (Patria Frias-Colon, J.), entered on or about October 29, 2019, which, after a hearing, estopped respondent from obtaining a genetic markings test, and, by separate orders of filiation, adjudged and declared respondent the father of the subject children, unanimously affirmed, without costs.
The Family Court providently exercised its discretion in determining that equitable estoppel prevented respondent from challenging his paternity of the children with DNA testing (see Family Ct Act § 532[a]). Clear and convincing evidence demonstrated that the 18-year-old children viewed respondent as their father for the entirety of their lives and respondent held himself out as such, particularly when the children were young (see Matter of Shondel J. v Mark D., 7 NY3d 320, 326-327 [2006]). Respondent attended prenatal visits, spent time in the hospital visiting with the children after they were born, and continued to spend time with them three to four times a week when they were toddlers. Although the time spent diminished when the children grew older and despite their move out of state, they have maintained telephone contact, albeit infrequently. Moreover, the children have a familial relationship with respondent's mother and relatives, and respondent has purchased clothes and bookbags for the children in the past. Even though the relationship was limited, it was in the children's best interests to estop respondent from disputing paternity (see Matter of Commissioner of Social Servs. v Julio J., 20 NY3d 995 [2013]; Matter of Glenda G. v Mariano M., 62 AD3d 536 [1st Dept 2009], lv denied 13 NY3d 708 [2009]). There exists no basis to disturb the credibility determinations of the Family Court (see Matter of Department of Social Servs. v Donald A.C., 179 AD3d 603, 604 [1st Dept 2020]).
No appeal lies as of right from an order of filiation (see Matter of Lorraine D.S. v Steven W., 180 AD3d 595 [1st Dept 2020]), and in view of the foregoing, we decline respondent's request to deem the notice of appeal as an application for leave to appeal from the orders of filiation (see Family Ct Act § 1112[a]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021