Matter of Amber N. v Andrew S. (2021 NY Slip Op 06810)





Matter of Amber N. v Andrew S.


2021 NY Slip Op 06810


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Mazzarelli, Singh, Mendez, Higgitt, JJ. 


Docket No. P-02680/19 Appeal No. 14764-14764A Case No. 2020-01790 

[*1]In the Matter of Amber N., Petitioner-Respondent,
v
Andrew S., Respondent-Appellant.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Karen Freedman, Lawyers for Children, New York (Shirim Nothenberg of counsel), attorney for the child.



Orders, Family Court, New York County (Jane Pearl, J.), entered on or about February 5, 2020, which, after a hearing, equitably estopped respondent from seeking genetic marker testing and declared him to be the father of the subject child, unanimously affirmed, with costs.
Family Court properly determined that the best interests of the child require that respondent be equitably estopped from denying paternity of the child. Respondent is named as the child's father on the birth certificate and was married to the child's mother at the time of his birth, although the marriage was annulled 12 years later. Further, the record shows that respondent assumed the role of a parent to the child from the moment the child was born and allowed the child to believe that he was his father for the next 11 years of his life (see Matter of Commissioner of Social Servs. v Julio J., 20 NY3d 995, 997 [2013]; Matter of Jennifer S. v Tony J., 143 AD3d 518 [1st Dept 2016]; Matter of Christian N. v Shante Jovan B., 132 AD3d 470 [1st Dept 2015]). Moreover, the child formed a familial relationship in reliance on respondent's conduct with his paternal grandfather and great-grandmother (see Matter of Department of Social Servs. v Donald A.C., 179 AD3d 603, 604 [1st Dept 2020]; Matter of Smythe v Worley, 72 AD3d 977, 979 [2d Dept 2010]).
Respondent's purported reason for demanding a DNA test, to remove his doubts as to whether he was the father, is not a sufficient basis for ordering a DNA test, almost 13 years after the child's birth (see Matter of Glenda G. v Mariano M., 62 AD3d 536, 536 [1st Dept 2009], lv denied 13 NY3d 708 [2009]). The fact that the relationship between respondent and the child became limited after respondent assaulted the child, does not preclude the application of the doctrine of equitable estoppel, nor does it relieve respondent of his support obligations (see Donald A.C., 179 AD3d at 604; Richard B. v Sandra B.B., 209 AD2d 139, 143-144 [1st Dept 1995], appeal dismissed 87 NY2d 861 [1995]).
The record is sufficiently complete to permit this Court to make an independent factual review and draw its own conclusions as to whether petitioner established that respondent should be equitably estopped from denying paternity (see e.g. Matter of Allen v Black, 275 AD2d 207, 209 [1st Dept 2000]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021