Mitches-Lewis v Lewis (2022 NY Slip Op 02787)

Mitches-Lewis v Lewis

2022 NY Slip Op 02787

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2020-09717
2020-09718
 (Index No. 50637/18)

[*1]Artemis Mitches-Lewis, respondent,
v
Scott Joseph Lewis, etc., appellant.

Carl R. Vahl, Olean, NY, for appellant.
Robert W. Hiatt, Staten Island, NY, for respondent.
Jill M. Zuccardy, New York, NY, attorney for the child.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated November 23, 2020, and (2) an order of the same court, also dated November 23, 2020. The first order, insofar as appealed from, granted that branch of the plaintiff's motion which was for an award of interim counsel fees to the extent of directing the defendant to pay the sum of $7,000. The second order denied the defendant's cross motion to direct the parties and the subject child to submit to genetic marker testing.
ORDERED that the first order dated November 23, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that the second order dated November 23, 2020, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were married on April 18, 2008. On August 21, 2008, the subject child was born. In August 2018, the plaintiff commenced this action for a divorce and ancillary relief. Thereafter, the plaintiff moved, inter alia, for an award of interim counsel fees and to direct the defendant to pay pendente lite child support for the child. The defendant cross-moved to direct the parties and the child to submit to genetic marker testing, asserting that he was not the biological father of the child. In an order dated November 23, 2020, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for an award of interim counsel fees to the extent of directing the defendant to pay the sum of $7,000. In a separate order, also dated November 23, 2020, the court denied the defendant's cross motion to direct the parties and the child to submit to genetic marker testing. The defendant appeals from both orders.
"'[W]here a child justifiably relies on the representations of a man that he is his or her father with the result that he or she will be harmed by the man's denial of paternity, the man may be estopped from making such a denial'" (Matter of Vaskovtsev v Melska, 174 AD3d 633, 634, quoting Matter of Shawn H. v Kimberly F., 115 AD3d 744, 745 [internal quotation marks omitted]; [*2]see Matter of Shondel J. v Mark D., 7 NY3d 320, 327). However, "'[b]efore a party can be estopped from denying paternity or from obtaining a DNA test that may establish that he is not the child's biological parent, the court must be convinced that applying equitable estoppel is in the child's best interest'" (Matter of Rosa Y.A.P. v Jose B.P.T., 184 AD3d 573, 574, quoting Matter of Guy M.J. v Abiola N.S., 158 AD3d 764, 765
Here, the Supreme Court providently exercised its discretion in determining that the defendant should be equitably estopped from denying paternity. While the defendant was not present for the child's birth because he was on overseas military duty at the time, the defendant has not refuted the plaintiff's assertion that his mother was present for the child's birth. The defendant was named as the child's father on the child's birth certificate, and the child was given the defendant's surname. Although the parties ended their relationship in September 2008, shortly after the child's birth, the defendant acknowledged that he voluntarily provided financial support for the needs of the child for around nine years prior to the time he first denied paternity in May 2018. The defendant made no effort to deny his status as the child's father until after he received a letter in March or April 2018 from a child support enforcement office. The defendant also indicated that he received military benefits for the child since the child's birth, and provided for health, vision, and dental insurance for the child. Moreover, the child, who is now 13 years old, has only ever known the defendant to be his father. Under the circumstances, the court providently exercised its discretion in determining that it was in the best interest of the child to apply the doctrine of equitable estoppel (see Matter of Shondel J. v Mark D., 7 NY3d at 327; Matter of Rosa Y.A.P. v Jose B.P.T., 184 AD3d at 574; Matter of Jose F.R. v Reina C.A., 46 AD3d 564, 564-565). Accordingly, the court properly denied the defendant's cross motion to direct the parties and the child to submit to genetic marker testing.
The defendant's remaining contentions are either not properly before this Court or without merit.
DILLON, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court