In the Matter of VERNON J., Appellant, v SANDRA M. et al., Respondents. [830 NYS2d 912]—

In a paternity proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Westchester County (Duffy, J.), dated February 8, 2006, which, without a hearing, denied his motion to vacate an order of filia-

tion of the same court dated July 21, 1998 naming the respondent Nathan W. as the father of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

The subject child was born on November 30, 1988. In September 1989 the respondent mother married the petitioner while he was incarcerated, and they remained married until 1992 when she obtained a divorce. In July 1998 the mother and the respondent father consented to the entry of an order of filiation pursuant to which the father has provided financial support to, and exercised occasional visitation with, the child. The petitioner, who remains incarcerated, commenced this paternity proceeding in December 2004 admitting that he waited more than four years after purportedly learning that the child could be his.

The Family Court properly denied the motion to vacate the order of filiation based upon the doctrine of equitable estoppel. " 'The paramount concern in applying equitable estoppel in paternity cases has been, and continues to be, the best interests of the child' " (*Matter of Maurice T. v Mark P.*, 23 AD3d 567, 567 [2005], quoting *Jean Maby H. v Joseph H.*, 246 AD2d 282, 285 [1998]; *see Matter of Kump v Basnight*, 297 AD2d 639 [2002]; *Matter of Ettore I. v Angela D.*, 127 AD2d 6 [1987]). Contrary to the petitioner's contentions, the Family Court was presented with sufficient evidence to make a determination as to the child's best interests and was within its discretion to do so without a hearing (*see Matter of Maurice T. v Mark P., supra; Matter of Griffin v Marshall*, 294 AD2d 438 [2002]; *David L. v Cindy Pearl L.*, 208 AD2d 502 [1994]).

Moreover, the Family Court correctly determined that the petitioner failed to demonstrate that the order of filiation should be vacated on the basis of newly discovered evidence or the respondent mother's fraud and misconduct (*see* CPLR 5015 [a] [2], [3]). Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.