■ In the Matter of MICHAEL J. RUSSO, Appellant, v TOBI J. IRWIN, Respondent. [854 NYS2d 240]—

Spain, J.

Petitioner and respondent are the parents of a daughter (born in 1986). The marriage between the parties was terminated by judgment of divorce on December 16, 1988 and, as part of a

property settlement agreement incorporated into the judgment of divorce, petitioner agreed to pay $65 per week for the support of the child. Sometime in late 1991, the parties reconciled and began residing together as a family and sharing assets. Petitioner claims that, shortly after the parties reconciled, respondent informed him that child support was unnecessary because the parties were residing together as a family unit and commingling assets, and that petitioner's contribution to the care and support of the child and maintenance of respondent exceeded the amount of his support obligation.

The support order was not suspended, however, until 1998, after respondent received a letter from the Warren County Support Collection Unit informing her that it had come to its attention that the child support order of $65 per week had a delinquency of $28,811.49. Upon learning of the parties' reconciliation, the coordinator of the child support unit filed a petition on behalf of respondent, which stated that "the parties have reconciled and that [respondent] does not wish to enforce the Order of Support." On March 10, 1998, Family Court entered an order on consent of the parties suspending petitioner's support obligation, fixing arrears in the amount of $29,851.49 and vacating the "balance of Judgment due [respondent] with consent from both parties." Petitioner was not represented by counsel at that time, and he asserts that it was his understanding that the arrears amount referenced in the March 1998 order was extinguished.

The parties again separated sometime in 1999 and the child resumed living solely with respondent. In 2001, respondent sought to reinstate child support and immediate payment of the $29,851.49 due from petitioner in arrears, as arguably established by the March 1998 order. Petitioner was represented by counsel in that proceeding. A March 27, 2002 order found petitioner in violation of a prior, temporary support order, fixed arrears at $30,386.49 and directed petitioner to pay $65 per week for child support and $35 per week to be applied to the arrears. Petitioner did not comply with the March 2002 order and, by order dated January 30, 2003, a Support Magistrate calculated new arrears at $419, plus interest, for a total of $32,721.08 in arrears owed by petitioner.

After a series of petitions and resulting orders altering the parties' support obligations due to changes in the physical custody of the child, in all of which the arrears owed by petitioner continued to be reflected, an order was entered dated July 21, 2005 whereby petitioner was directed to pay $75 weekly to satisfy arrears still owing to respondent of $26,776.76. At

that point, the child was, and apparently still is, living independently and no child support obligation was in effect. Petitioner, pro se, filed an objection to the entry of the judgment and requested a new hearing to present evidence that the arrears had been improperly assessed against him because respondent had waived child support during the time that the parties resided together. In a decision and order on the objections, Family Court found that petitioner had previously had the opportunity to object to the arrears, that his objections at this point were untimely and that Family Ct Act § 451 prohibits the reduction or cancellation of child support arrears.

Petitioner commenced this proceeding in March 2006 by petition seeking to expunge the child support arrears and again requesting a trial on the issue. A Support Magistrate dismissed that petition on collateral estoppel grounds. Petitioner filed objections, which were denied by Family Court. In its October 20, 2006 order, the court agreed with the Support Magistrate that collateral estoppel barred petitioner from raising the issue of arrears. Petitioner now appeals from Family Court's order.

"[W]hether to apply collateral estoppel in a particular case depends upon 'general notions of fairness involving a practical inquiry into the realities of the litigation' " (*Jeffreys v Griffin*, 1 NY3d 34, 41 [2003], quoting *Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261, 268 [1988]; *see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]). The doctrine is discretionary and "should not be applied rigidly or mechanically" (*Martin v Reedy*, 194 AD2d 255, 259 [1994]; *see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 668 [1990]; *Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d at 268). The decision to apply collateral estoppel in any particular case should be based upon " 'what are often competing policy considerations, including fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results' " (*Martin v Reedy*, 194 AD2d at 259-260, quoting *Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 153 [1988]; *see Brown v State of New York*, 9 AD3d 23, 26-27 [2004]).

Here, the prerequisites to application of the doctrine—that the issue is identical to one previously and necessarily resolved and that petitioner had a full and fair opportunity to contest it (*see Buechel v Bain*, 97 NY2d at 303-304)—arguably have been met in that petitioner's liability for arrears was established in several court orders dating back as far as 1998 and, since then, the amount of arrears has been addressed in numerous proceed-

ings in which petitioner could have raised an objection. We are unpersuaded, however, that the equitable and discretionary doctrine should be applied under the circumstances of this particular case. The 1998 order which first established arrears was ambiguous, petitioner was not at that point represented by counsel and, significantly, no hearing was ever held on the issue. Further, petitioner's position has arguable merit; he claims that once the parties reconciled in 1991, they continually resided as a family, operated a business together and shared all expenses. He asserts that, at the beginning of this period, respondent expressly waived child support. Respondent's waiver of child support as reflected in the 1998 order on consent provides some support to petitioner's version of events.

Significantly, this is not a case where a party is seeking to have arrears forgiven on the basis of waiver after the arrears validly accrued (*cf. Matter of Dox v Tynon*, 90 NY2d 166, 175-176 [1997]; *see* Family Ct Act § 451). Instead, petitioner is contending that respondent expressly and prospectively waived child support when they reconciled and, therefore, petitioner is seeking to establish that arrears never accrued rather than that any arrears should be forgiven (*see Matter of Williams v Chapman*, 22 AD3d 1015, 1016 [2005]; *Matter of O'Connor v Curcio*, 281 AD2d 100, 105 [2001]; *Matter of Grant v Grant*, 265 AD2d 19, 23 [2000]). Accordingly, upon consideration of the facts of this matter, we conclude that petitioner should not be barred from litigating the issue (*see Jeffreys v Griffin*, 1 NY3d at 42-43; *Matter of NYCO Mins., Inc. v Town of Lewis*, 42 AD3d 841, 842-843 [2007], *lv denied* 9 NY3d 814 [2007]).

Mercure, J.P., Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law and facts, without costs, and matter remitted to the Family Court of Warren County for further proceedings not inconsistent with this Court's decision.