■ In the Matter of Santos Ernesto R., Petitioner, v Maria S.C., Appellant. Cruz Y.P., Nonparty. [887 NYS2d 265]—

In a proceeding to establish paternity pursuant to Family Court Act article 5, the mother appeals, by permission, from an order of the Family Court, Nassau County (Lawrence, J.), dated October 26, 2007, which denied the motion of the nonparty Cruz Y.P., in which the mother joined, to vacate an acknowledgment of paternity of the subject child executed by the mother and the nonparty Cruz Y.P. on November 18, 1998.

Ordered that the order dated October 26, 2007 is reversed, on the law, without costs or disbursements, the subsequent order of the same court dated October 29, 2007, dismissing the proceeding, is vacated, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the petition in accordance herewith.

In this paternity proceeding, the petitioner avers that he is the biological father of the subject child, and the mother joins him in seeking an order declaring his paternity. The nonparty Cruz Y.P. thus moved to vacate an acknowledgment of paternity that he and the mother executed on November 18, 1998, the day after the birth of the subject child. In support of the motion, Cruz Y.P. submitted an affidavit averring that he had signed the acknowledgment believing that he was the biological father of the child, but subsequently learned that his belief was mistaken. The mother, the petitioner, and the attorney for the child joined in the motion, contending that the acknowledgment of paternity should be vacated, provided that the paternity petition was granted. The Family Court, in an order dated October 26, 2007, denied the motion to vacate the acknowledgment of paternity and, in an order dated October 29, 2007, dismissed the paternity petition with prejudice. We reverse the order dated October 26, 2007 and vacate the order dated October 29, 2007.

One who executes an acknowledgment of paternity but seeks to vacate that acknowledgment more than 60 days thereafter must establish that it was obtained by duress, fraud, or material mistake of fact (see Family Ct Act § 516-a [b]). If that burden is satisfied, the Family Court may order genetic marker or DNA tests unless such tests would not be in the best interests of the child. However, an amendment to Family Court Act § 516-a (b), which took effect the day after the court dismissed this proceeding, provides that genetic marker or DNA tests shall not be ordered if the Family Court makes a written finding that "it is not in the best interests of the child on the basis of res judicata, equitable estoppel, or the presumption of legitimacy of a child born to a married woman" (L 2007, ch 462).

Here, the Family Court erred in summarily rejecting the alle-

gation of Cruz Y.P. that, when he executed the acknowledgment, he believed that he was the father and only later learned that he was not. Upon remittal, a hearing must be held with respect to that issue. If Cruz Y.P. satisfies his burden of showing the existence of a material mistake of fact, a further hearing must be held on the issue of whether consideration of genetic marker or DNA tests would be contrary to the best interests of the child, either because Cruz Y.P. held himself out as the child's father long after he knew that he was not, or because the petitioner failed to seek an order of filiation until long after he knew he was the child's father (*see Matter of Westchester County Dept. of Social Servs. v Robert W.R.*, 25 AD3d 62, 71-72 [2005]; *cf.* Family Ct Act § 516-a [b] [ii]). Mastro, J.P., Fisher, Angiolillo and Leventhal, JJ., concur.