■ In the Matter of DESTINEE ROSE R.-MC., a Child Alleged to be Permanently Neglected. ST. VINCENT's SERVICES, INC., et al., Respondents; FRANCINE R., Appellant. [911 NYS2d 634]—

In a proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Lim, J.), dated August 4, 2008, which, after a fact-finding and dispositional hearing, found that she permanently neglected the subject child, terminated her parental rights, and transferred guardianship of the subject child to the Commissioner of Social Services of the City of New York and St. Vincent Services, Inc., for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

As a threshold matter, the contention of the petitioner St. Vincent Services, Inc. (hereinafter the petitioner), that the appeal should be dismissed as untimely taken is precluded by the doctrine of the law of the case since, in a decision and order on motion of this Court dated November 17, 2009, we denied the petitioner's motion to dismiss the appeal on that ground (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]).

Contrary to the mother's contention, the Family Court properly found that she permanently neglected the subject child. The petitioner established by clear and convincing evidence that it fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship (*see* Social Services Law § 384-b [7] [a], [f]; *see also Matter of Jada Ta-Toneyia L.*, 66 AD3d 901, 902 [2009]; *Matter of Aliyanna M.*, 58 AD3d 853, 854 [2009]; *Matter of Kayshawn Raheim E.*, 56 AD3d 471, 472 [2008]) and that, despite those efforts, the mother failed to plan for the child's future (*see* Social Services Law § 384-b [7] [a], [c]; *see also Matter of Distiny Angelina N.*, 18 AD3d 755, 756 [2005]; *Matter of Chimere C.*, 259 AD2d 615, 616 [1999]).

Furthermore, the Family Court properly determined that it was in the best interests of the child to terminate the mother's parental rights, thus freeing the child for adoption (*see Matter of "Baby Boy" E.*, 42 AD3d 536, 536-537 [2007]; *Matter of Jennifer R.*, 29 AD3d 1005, 1007 [2006]). Prudenti, P.J., Covello, Florio and Belen, JJ., concur.