■ In the Matter of H.M., Respondent, v E.T., Appellant. [932 NYS2d 364]—

Although we agree with the appellant that, under the unique circumstances of this case, the Family Court should not have dismissed her objections to the order of support entered March 18, 2009, on the ground that she failed to file them in a timely fashion (*see* Family Ct Act § 439 [e]; *see generally Matter of Ogborn v Hilts*, 262 AD2d 857, 858 [1999]; *Matter of Onondaga County Commr. of Social Servs. v Joe W.C.*, 233 AD2d 908, 908 [1996]; *Matter of Corcoran v Stuart*, 215 AD2d 340, 341 [1995]), we conclude that the objections were properly dismissed on alternative grounds. Specifically, as the appellant acknowledges on appeal, the Family Court properly determined, in the alternative, that her objections challenging the amount of child support were subject to dismissal on the ground that she consented to that amount (*see generally Matter of Renee XX. v John ZZ.*, 51 AD3d 1090, 1092 [2008]; *Matter of Gittens v Chin-On*, 19 AD3d 596, 596 [2005]). Further, as the appellant concedes on appeal, the Family Court properly determined, in the alternative, that her objections to the order of support challenging the Family Court's subject matter jurisdiction were barred by the law of the case doctrine, since the Court of Appeals held previously that the Family Court possessed subject matter jurisdiction to hear the instant petition (*see Matter of H.M. v E.T.*, 14 NY3d 521, 524 [2010]; *see generally People v Slaughter*, 214 AD2d 593, 594 [1995]). Moreover, insofar as the appellant maintains, on appeal, that one of her objections can be construed as arguing that, as a matter of law, she cannot be equitably estopped from denying her responsibility to support the subject child under the circumstances, such an objection also would be barred by the doctrine of the law of the case. This Court held previously that, as a matter of law, the appellant could be equitably estopped from denying her responsibility to support the subject child under the circumstances (*see Matter of H.M. v E.T.*, 76 AD3d 528, 531 [2010]; *see generally Matter of Destinee Rose R.-Mc. [Francine R.]*, 78 AD3d 1061, 1061 [2010]; *Foley v Roche*, 86 AD2d 887, 887 [1982]).

Accordingly, upon, in effect, renewal and reargument, the Family Court properly adhered to its original determination dismissing the appellant's objections to the order of support. Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.