In the Matter of Jonathan C., Appellant, v Iaishia Q.T., Respondent. [17 NYS3d 428]—

Appeal from an order of the Family Court, Kings County (Leticia M. Ramirez, J.), dated January 31, 2014. The order denied, without a hearing, Jonathan C.'s motion to vacate an order of filiation of the same court (Richard Spegele, S.M.), dated August 28, 2009, adjudging him to be the father of the subject child, upon his consent.

Ordered that the order dated January 31, 2014, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.

The subject child was born on May 28, 2007. In July 2009, the petitioner filed a petition seeking an order of filiation to be adjudged the child's father. On August 28, 2009, the petitioner, appearing pro se, was adjudged to be the father of the child based upon the mother's statement to the Family Court that he was the child's father and upon his own statement that he had no doubt as to his paternity. Less than two years later, the petitioner moved to vacate the order of filiation. The petitioner alleged that he had taken a private DNA test that showed that he was not the child's father. He asserted that he had only consented to the order of filiation because he had relied upon the mother's representation that he was the father and because he did not know that the mother "was lying to [him]." After a series of court appearances at which no evidence was taken, the Family Court summarily denied the petitioner's motion, without a hearing, on the ground that he had previously admitted his paternity during the proceedings leading up to the order of filiation. The petitioner appeals. We reverse.

An order of filiation may be vacated on the grounds of "fraud, misrepresentation, or other misconduct of an adverse party" (*Matter of Fulmer v Buxenbaum*, 90 AD3d 755, 755-756 [2011]; *see* CPLR 5015 [a] [3]). A court may properly deny a motion to vacate an order of filiation where the motion fails to set forth any basis to vacate the order (*see Matter of Crowell v Lindor*, 107 AD3d 795, 795 [2013]), or where the party seeking to vacate the order failed to make a prima facie showing sufficient to warrant a hearing on the issue of whether the order was the product of fraud, misrepresentation, or other misconduct (*see Matter of Fulmer v Buxenbaum*, 90 AD3d at 755-756). Even if it is determined that the order of filiation was the product of fraud, misrepresentation, or other misconduct, a court may, where appropriate, apply the doctrine of equitable estoppel to preclude a party from challenging the filiation order (*see Matter of Jose F.R. v Reina C.A.*, 46 AD3d 564, 564 [2007]; *Matter of Vernon J. v Sandra M.*, 36 AD3d 912, 913 [2007]). "The paramount concern in applying equitable estoppel in [paternity] cases has been, and continues to be, the best interests of the child" (*Jean Maby H. v Joseph H.*, 246 AD2d 282, 285 [1998]; *see Matter of Vernon J. v Sandra M.*, 36 AD3d at 913; *cf. Matter of Shondel J. v Mark D.*, 7 NY3d 320, 327 [2006]). However, a court need not make a determination as to the best interests

of a child unless the party seeking to vacate the order of filiation has demonstrated a sufficient basis upon which to vacate the order (*accord Matter of Santos Ernesto R. v Maria S.C.*, 66 AD3d 910, 911-912 [2009]; *Matter of Westchester County Dept. of Social Servs. v Robert W.R.*, 25 AD3d 62, 72 [2005]).

Here, the petitioner alleged that the mother misrepresented that he was the child's father and that he relied upon that misrepresentation in seeking and consenting to the order of filiation (*cf. Matter of Oscar X.F. v Ileana R.H.*, 107 AD3d 795, 796 [2013]; *Matter of Derrick H. v Martha J.*, 82 AD3d 1236, 1237-1238 [2011]). Accordingly, the father set forth a proper basis upon which to vacate the order of filiation (*see* CPLR 5015 [a] [3]; *Matter of Fulmer v Buxenbaum*, 90 AD3d at 755-756). Furthermore, the petitioner's allegations regarding the mother's misrepresentations were substantiated by the petitioner's affidavit submitted in support of the motion and by the results of the private DNA test showing that he is not, in fact, the child's father (*cf. Matter of Oscar X.F. v Ileana R.H.*, 107 AD3d at 796; *Matter of Derrick H. v Martha J.*, 82 AD3d at 1237-1238; *Matter of Santos Ernesto R. v Maria S.C.*, 66 AD3d at 911-912). The petitioner's proof regarding the mother's misrepresentations went unrefuted. Indeed, the mother did not oppose the petitioner's motion or even appear at any of the court proceedings during which the petitioner's motion was considered. Under the circumstances of this case, the Family Court erred by summarily denying the petitioner's motion without conducting a hearing on the issues of whether the order of filiation was procured by a misrepresentation made by the mother regarding the petitioner's paternity (*cf. Matter of Santos Ernesto R. v Maria S.C.*, 66 AD3d at 911-912), and whether the petitioner should be estopped from challenging the filiation order based upon the best interests of the child (*see Matter of Santos Ernesto R. v Maria S.C.*, 66 AD3d at 911-912; *Matter of Westchester County Dept. of Social Servs. v Robert W.R.*, 25 AD3d at 72). Accordingly, we remit the matter to the Family Court, Kings County, for a hearing on these issues. Cohen, J.P., Miller, Hinds-Radix and Barros, JJ., concur.