■ In the Matter of KAORI. OMAR J., Respondent; SHALETTE S., Appellant. (Proceeding No. 1.) In the Matter of KAORI. SHALETTE S., Appellant; BRITTON A., Respondent. (Proceeding No. 2.) [42 NYS3d 168]—

Appeals by the mother from three orders of the Family Court, Kings County (Jeanette Ruiz, J.), dated June 3, 2015, June 16, 2015, and June 18, 2015, respectively. The order dated June 3, 2015, dismissed the mother's petition to declare Britton A. to be the father of the subject child. The order dated June 16, 2015, insofar as appealed from, granted that branch of the motion of the attorney for the child which was, in effect, to vacate an order of that court (Jennifer Castaldi, S.M.) dated November 27, 2013, which granted the second petition of Omar J. to vacate his acknowledgment of paternity of the subject child. The order dated June 18, 2015, dismissed the second petition of Omar J. to vacate his acknowledgment of paternity of the subject child.

Ordered that the order dated June 16, 2015, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the orders dated June 3, 2015, and June 18, 2015, are reversed, on the law, without costs or disbursements, the mother's paternity petition and Omar J.'s second petition to vacate his acknowledgment of paternity of the subject child are reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.

In November 2009, two days after the birth of the subject child, Shalette S. (hereinafter the mother) and Omar J. (hereinafter Omar) executed an acknowledgment of paternity. In July 2011, Omar petitioned to vacate his acknowledgment of paternity (hereinafter Omar's first petition), alleging that a private DNA test had been performed which established that he was not the child's biological father. Neither Omar nor the mother were represented by counsel in connection with Omar's

first petition, and the mother stated during a court appearance that she did not believe it was possible that another individual could be the child's biological father. In an order dated November 17, 2011 (hereinafter the 2011 order), the Family Court dismissed Omar's first petition, finding that he failed to meet his burden of proof for vacatur. Neither Omar nor the mother appealed from the 2011 order.

In May 2013, the mother filed a petition against Omar seeking child support. Omar, who was still unrepresented by counsel, then made an unsuccessful attempt to reopen his first petition. Shortly thereafter, at the direction of the Support Magistrate, Omar filed a second petition to vacate his acknowledgment of paternity (hereinafter Omar's second petition). Omar's second petition was supported by a second DNA test establishing that he was not the child's biological father. In light of the DNA test results, the mother informed the Support Magistrate that she consented to vacatur of Omar's acknowledgment of paternity. In an order dated November 27, 2013 (hereinafter the 2013 order), the Support Magistrate granted Omar's second petition on consent.

In April 2014, the mother filed a paternity petition against Britton A. (hereinafter Britton), alleging that he was the biological father of the child. At a court appearance in June 2014, the Support Magistrate advised the parties that it had just come to her attention that Omar had previously filed a petition to vacate his acknowledgment of paternity which had been dismissed in 2011. The Support Magistrate also noted that due to an administrative oversight, she had failed to appoint an attorney to represent the child in connection with Omar's second petition. Accordingly, the Support Magistrate assigned an attorney for the child and re-calendered Omar's second petition, which was considered together with the mother's paternity petition. The attorney for the child subsequently moved, in effect, to vacate the 2013 order upon the ground that the Support Magistrate had improperly granted it without first assigning an attorney to represent the child. The attorney for the child also moved to dismiss the mother's paternity petition against Britton, and Omar's second petition, on the ground that the doctrine of collateral estoppel barred any challenge to Omar's acknowledgment of paternity. In the orders appealed from, the Family Court dismissed the mother's paternity petition and Omar's second petition on the ground of collateral estoppel, and granted that branch of the motion of the attorney for the child which was, in effect, to vacate the 2013 order. The mother appeals.

Under the circumstances of this case, the Family Court should have declined to apply the doctrine of collateral estoppel. " 'Collateral estoppel, an equitable doctrine, is based upon the general notion that a party, or one in privity with a party, should not be permitted to relitigate an issue decided against it' " (*Chambers v City of New York*, 309 AD2d 81, 85 [2003], quoting *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). "[W]hether to apply collateral estoppel in a particular case depends upon 'general notions of fairness involving a practical inquiry into the realities of the litigation' " (*Jeffreys v Griffin*, 1 NY3d 34, 41 [2003], quoting *Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261, 268-269 [1988]). The doctrine is highly flexible in nature, and should not be rigidly or mechanically applied, even where its technical requirements are met (*see Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d at 268-269; *Matter of Russo v Irwin*, 49 AD3d 1039, 1041 [2008]). "[T]he fundamental inquiry is whether relitigation should be permitted in a particular case in light of what are often competing policy considerations, including fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results. No rigid rules are possible, because even these factors may vary in relative importance depending on the nature of the proceedings" (*Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 153 [1988]).

Here, the nature of the proceedings is highly relevant, as it involves the determination of the paternity of a child not yet seven years of age. Although Omar executed an acknowledgment of paternity two days after the subject child's birth in November 2009, he obtained, in 2011, a private DNA test indicating that he could not be the father. In 2013, the mother consented to the vacatur of the acknowledgment of paternity based upon the results of a second DNA test. Moreover, at a 2014 court appearance, the mother advised the Support Magistrate, in contrast to statements she made in connection with Omar's first petition, that she was involved in an ongoing sexual relationship with Britton at the time of the child's conception. Under these circumstances, there is potential merit to Omar's second petition (*see Matter of Russo v Irwin*, 49 AD3d at 1042; *see also Matter of Sidney W. v Chanta J.*, 112 AD3d 950, 953 [2013]). It is also significant to note that neither Omar nor the mother was represented by counsel in connection with Omar's first petition (*see Matter of Russo v Irwin*, 49 AD3d at 1042; *cf. Matter of Susan UU. v Scott VV.*, 119 AD3d 1117, 1120 [2014]), and that Omar was still unrepresented when the Sup-

port Magistrate instructed him to file a second petition after he unsuccessfully attempted to restore the first petition.

Taking into consideration the particular facts of this case, we are persuaded that application of the doctrine of collateral estoppel would not promote fairness to the parties. To the contrary, it would result in unfairness to the parties, particularly the subject child, as the issue of paternity would remain unresolved, possibly resulting in irreparable harm to the child's physical and emotional well-being (*see Matter of Derrick H. v Martha J.*, 82 AD3d 1236 [2011]; *Matter of Russo v Irwin*, 49 AD3d at 1042). Accordingly, we reinstate the mother's paternity petition and Omar's second petition to vacate his acknowledgment of paternity, and remit the matter to the Family Court, Kings County, for further proceedings. In accordance with Family Court Act § 516-a, such proceedings must include a hearing to determine whether Omar's acknowledgment of paternity was signed by reason of fraud, duress, or material mistake of fact, and, if so, whether he and the mother should be estopped, in accordance with the child's best interests, from challenging paternity (*see Matter of Luis Hugo O. v Paola O.*, 129 AD3d 976 [2015]; *Matter of Sidney W. v Chanta J.*, 112 AD3d at 952; *Matter of Derrick H. v Martha J.*, 82 AD3d at 1237).

The parties' remaining contentions either are without merit, are not properly before this Court, or have been rendered academic in light of our determination. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.

Motion by Shalette S. to strike the brief of the attorney for the child on appeals from three orders of the Family Court, Kings County, dated June 3, 2015, June 16, 2015, and June 18, 2015, respectively, on the ground that it refers to matter dehors the record, and to preclude consideration of the transcript of the proceedings which occurred on June 19, 2013, under Kings County Family Court docket No. F-13105/13. By decision and order on motion of this Court dated July 20, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the motion is denied. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.