Matter of Shala C. v Dacia A.D.S. (2024 NY Slip Op 06040)

Matter of Shala C. v Dacia A.D.S.

2024 NY Slip Op 06040

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-10709
 (Docket No. P-12073-22)

[*1]In the Matter of Shala C. (Anonymous), appellant, 
v
Dacia A. D. S. (Anonymous), respondent.

Green Kaminer Min & Rockmore LLP, New York, NY (Nancy M. Green of counsel), for appellant.
The Law Office of Mark I. Plaine, P.C., Forest Hills, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act § 516-a to vacate an acknowledgment of paternity, the petitioner appeals from an order of the Family Court, Queens County (Elizabeth L. Fassler, J.), dated October 16, 2023. The order, without a hearing, denied the petitioner's objections to two orders of the same court (Rose M. Garcia, S.M.), both dated June 21, 2023, which, respectively, granted the mother's motion to dismiss the petition to vacate the acknowledgment of paternity and dismissed the petition.
ORDERED that order dated October 16, 2023, is reversed, on the law, with costs, the petitioner's objections to the orders dated June 21, 2023, are granted, the orders dated June 21, 2023, are vacated, the petition to vacate the acknowledgment of paternity is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.
The petitioner and the mother were never married, but on the day that the subject child was born, the petitioner executed an acknowledgment of paternity. In an order dated June 11, 2019, the Family Court, Kings County, after a hearing, denied, without prejudice, a petition to vacate the acknowledgment of paternity, determining that the petitioner failed to meet his burden of proof for vacatur. No appeal was taken from that order.
In July 2022, the petitioner filed the instant petition to vacate the acknowledgment of paternity, based on mistake of fact and the report of a DNA test dated April 16, 2021, indicating that the probability of the petitioner being the father of the child was 0%. The mother moved to dismiss the petition. In two orders dated June 21, 2023, a Support Magistrate, respectively, granted the mother's motion and dismissed the petition. In an order dated October 16, 2023, the Family Court denied the petitioner's objections to the orders dated June 21, 2023. The petitioner appeals.
Although the petitioner's objections were apparently filed one day late, those objections were timely served upon the mother, who did not object to the late filing. Under the particular circumstances of this case, the untimeliness of the objections should have been excused (see Matter of H.M. v E.T., 89 AD3d 848; Ogborn v Hilts, 262 AD2d 857, 858).
In any event, the Family Court reached the merits and denied the petitioner's objections. The court raised the issue of venue, which was not before the court, and denied the petition on the ground that the DNA test did not constitute newly discovered evidence, because it was not in existence when the prior petition to vacate the acknowledgment of paternity was denied without prejudice.
A party seeking to vacate an acknowledgment of paternity more than 60 days after it was executed must establish that it was signed by reason of fraud, duress, or material mistake of fact (see Family Court Act 516-a[b][ii]; Matter of Oscar X.F. v Ileana R.H., 107 AD3d 795; Matter of Derrick H. v Martha J., 82 AD3d 1236). Here, the petitioner alleged that he and the mother engaged in sexual relations during the relevant time period, that at the time that he signed the acknowledgment, he was not aware that the mother had another sexual partner during the relevant time period, and that he later received newly discovered evidence (see e.g. People v Jones, 24 NY3d 623), to wit, the DNA test results from a private DNA test, which excluded him as the child's biological father. Under these circumstances, the petition was potentially meritorious (see Matter of Kaori [Omar J.—Shalette S.], 144 AD3d 911).
Accordingly, we reinstate the petition to vacate the acknowledgment of paternity and remit the matter to the Family Court, Queens County, for further proceedings on the petition (see id.).
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court