Matter of Stephen B.J.B. v Marcia N.S.C. (2025 NY Slip Op 01921)

Matter of Stephen B.J.B. v Marcia N.S.C.

2025 NY Slip Op 01921

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-06357
2023-06360
 (Docket Nos. F-198-21, P-791-23)

[*1]In the Matter of Stephen B. J. B. (Anonymous), appellant, 
v
Marcia N. S. C. (Anonymous), respondent.

Ilene Kim Graff, New City, NY, for appellant.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 4 and 5, the petitioner appeals from (1) an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated May 2, 2023, and (2) an order of the same court dated June 28, 2023. The order dated May 2, 2023, insofar as appealed from, dismissed, without a hearing, the petition to terminate the petitioner's child support obligation. The order dated June 28, 2023, denied the petitioner's objections to the order dated May 2, 2023.
ORDERED that the order dated May 2, 2023, is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Rockland County, for further proceedings in accordance herewith; and it is further,
ORDERED that the order dated June 28, 2023, is reversed, on the law, without costs or disbursements, and the petitioner's objections to the order dated May 2, 2023 are dismissed.
In 2019, the parties executed an acknowledgment of paternity, stating that the appellant is the father of the subject child. Thereafter, an order of child support was issued by the Family Court directing the appellant to pay child support.
In December 2022, the appellant filed petitions for paternity and to modify a prior order of child support, alleging that he was not the child's father. In January 2023, the Support Magistrate, without a hearing, dismissed the petitions for failure to state a cause of action upon which relief can be granted. On February 6, 2023, the parties appeared before the Family Court in connection with the appellant's petitions to modify prior orders of custody and visitation, wherein he sought to terminate his parental access with the child. When the appellant brought up his prior attempts to vacate the acknowledgment of paternity, the attorney for the child noted that the child viewed the appellant as her father. The court then determined that the appellant would have been equitably estopped from obtaining a genetic marker test to challenge his legal paternity, as well as equitably estopped from seeking vacatur of the acknowledgment of paternity, as granting him such relief would be contrary to the best interests of the child. Moreover, the court cautioned the appellant that even if he chose to sever his contact with the child, such would not serve as a basis for him to seek relief from his child support obligation. By order dated February 6, 2023, the court terminated the appellant's parental access with the child.
On or about March 10, 2023, the appellant, in effect, filed a petition to terminate his child support obligation, contending that he had signed the acknowledgment of paternity because the mother falsely told him that he was the child's father and he had since learned that he was not the child's father. The parties appeared before the Support Magistrate on April 11, 2023, and the matter was referred to the Family Court to determine whether, inter alia, the appellant should be equitably estopped from obtaining the relief requested.
In an order dated May 2, 2023, the Family Court dismissed, without a hearing, the appellant's petition to terminate his child support obligation, determining that he was collaterally estopped from seeking that relief based upon the court's recent determination that he was equitably estopped from seeking a test to challenge his legal paternity, as well as equitably estopped from seeking vacatur of the acknowledgment of paternity. Thereafter, the appellant filed objections to the order dated May 2, 2023, and in an order dated June 28, 2023, the court denied the objections. These appeals ensued.
A signatory to an acknowledgment of parentage may challenge an acknowledgment of paternity more than 60 days after its execution by alleging and proving fraud, duress, or material mistake of fact (see Family Ct Act § 516-a[b][iv]). "If the petitioner proves to the court that the acknowledgment of parentage was signed under fraud, duress, or due to a material mistake of fact, the court shall then order genetic marker tests or DNA tests for the determination of the child's parentage" (id.). However, no such test shall be ordered "upon a written finding by the court that it is not in the best interests of the child on the basis of res judicata, equitable estoppel, or the presumption of legitimacy of a child born to a married person" (id.; see Matter of Vaskovtsev v Melska, 174 AD3d 633, 634).
"[W]here a child justifiably relies on the representations of a man that he is his or her father with the result that he or she will be harmed by the man's denial of paternity, the man may be estopped from making such a denial" (Matter of Vaskovtsev v Melska, 174 AD3d at 634 [internal quotation marks omitted]; see Matter of Shawn H. v Kimberly F., 115 AD3d 744, 745). The paramount concern in applying the doctrine of equitable estoppel in paternity and support proceedings is the best interests of the child (see Matter of Shondel J. v Mark D., 7 NY3d 320, 326; Matter of Shawn H. v Kimberly F., 115 AD3d at 745). "Before a party can be estopped from denying paternity or from obtaining a DNA test that may establish that he is not the child's biological parent, the court must be convinced that applying equitable estoppel is in the child's best interest" (Matter of Commissioner of Social Servs. v Julio J., 20 NY3d 995, 997; see Matter of Rosa Y.A.P. v Jose B.P.T., 184 AD3d 573, 574).
"Where . . . a party seeks to challenge an acknowledgment of paternity more than 60 days after its execution, Family Court Act § 516-a(b) requires the court to conduct a hearing to determine the issues of fraud, duress, or a material mistake of fact [in the execution of the acknowledgment of paternity] before ordering a [genetic marker test]" (Matter of Andrew E. v Angela N.S., 165 AD3d 658, 659 [internal quotation marks omitted]). "In the event the court determines that a valid ground for vacatur of the acknowledgment exists, the issue of whether the petitioner should be estopped, in accordance with the child's best interest, from vacating the acknowledgment of paternity, must [then also] be evaluated at a hearing" (Matter of Vaskovtsev v Melska, 174 AD3d at 635; see Matter of Westchester County Dept. of Social Servs. v Robert W.R., 25 AD3d 62, 70-72).
The "doctrine of collateral estoppel precludes a party from relitigating an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point" (Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [internal quotation marks omitted]). "It is a doctrine intended to reduce litigation and conserve the resources of the court and litigants and it is based upon the general notion that it is not fair to permit a party to relitigate an issue that has already been decided against it" (id.). There are two requirements which must be satisfied before the doctrine is invoked. "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior [*2]determination" (id.; see Cullen v Moschetta, 207 AD3d 699, 700). "[T]he question as to whether a party had a full and fair opportunity to litigate a prior determination, involves a practical inquiry into the realities of litigation" (Gilberg v Barbieri, 53 NY2d 285, 292 [internal quotation marks omitted]; see Lennon v 56th & Park[NY] Owner, LLC, 199 AD3d 64, 69).
Here, the issue of the appellant's paternity was not actually litigated in connection with the prior proceedings held on February 6, 2023. The Family Court's findings, made on that date, that the appellant, inter alia, would have been equitably estopped from seeking vacatur of the acknowledgment of paternity, were made without a hearing, during an appearance on the appellant's petitions to modify custody and visitation, when, in response to the appellant raising the issue of his attempts to vacate the acknowledgment of paternity, the attorney for the child indicated that the child viewed the appellant as her father. Thus, contrary to the court's determination, the doctrine of collateral estoppel is inapplicable (see Kaufman v Eli Lilly & Co., 65 NY2d at 455-456; Matter of Kaori [Omar J.—Shalette S.], 144 AD3d 911, 913-914; Matter of Derrick H. v Martha J., 82 AD3d 1236, 1239).
Moreover, the Family Court erred in summarily denying the appellant's challenge to the acknowledgment of paternity on the basis of equitable estoppel without first conducting a hearing on the issues of whether the acknowledgment was procured by a misrepresentation made by the mother regarding the appellant's paternity and if so, whether the appellant should be estopped from challenging the acknowledgment based upon the best interests of the child (see Matter of Jonathan C. v Iaishia Q.T., 131 AD3d 1054, 1056; Matter of Santos Ernesto R. v Maria S.C., 66 AD3d 910, 911-912).
Accordingly, we reverse the order dated May 2, 2023, insofar as appealed from, reinstate the petition, and remit the matter to the Family Court, Rockland County, for further proceedings on the petition.
Specific written objections to a final order of a support magistrate may be filed by either party (see Family Ct Act § 439[e]). Here, the appellant's objections to the order dated May 2, 2023, was improperly filed since the order was that of a judge not a support magistrate. Accordingly, we reverse the order dated June 28, 2023, and dismiss the appellant's objections to the order dated May 2, 2023.
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court